THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* MARY DAVIDSON *et al.* Plaintiffs in Error.

*Opinion filed April 23, 1909—Rehearing denied June 2, 1909.*

1. CRIMINAL LAW—*witness cannot, in first instance, give opinion as to age from appearance.* In a prosecution for harboring an unmarried woman under eighteen years of age in a house of prostitution, a witness for the defendants cannot, in the first instance, give his opinion as to the age of the woman from her appearance, but he should first describe her appearance and may then state his opinion as to age, based upon the appearance described. (*Wistrand* v. *People,* 213 Ill. 72, explained.)

2. SAME—*when error in instruction will not reverse.* An instruction stating that it is not necessary to prove the offense as of the precise time alleged in the indictment if the time proven is prior to the date of the indictment "and within the period set by the Statute of Limitations," is erroneous in failing to state the time covered by such statute; but the error is harmless where all the evidence indicating that the crime was committed tended to show that the time of its commission was less than two months before the return of the indictment.

3. SAME—*when refusal to allow the defendant time to prepare additional instruction when jury comes in is not reversible error.* Where the jury returns a verdict of guilty, which is not in proper form, and the court gives an additional instruction giving the proper form for the verdict and advising the jury, if they see fit, that they may amend their verdict by putting it in the form given, it is not reversible error to refuse to allow the defendant time to prepare an additional instruction to the effect that the jury were still at liberty to find the defendant not guilty. (*Fisher* v. *People,* 23 Ill. 283, distinguished.)

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. HENRY V. FREEMAN, Judge, presiding.

At the November term, 1908, of the criminal court of Cook county, Mary and David Davidson, as keepers of a house of prostitution, were convicted of harboring Josephine Piatkowski, an unmarried female under the age of eighteen years, in the house of prostitution alleged to have been kept by them. Each of the defendants was sentenced

by the court to the penitentiary, and they have sued out this writ of error.

Upon the trial evidence was offered which tended to show that plaintiffs in error conducted a house of prostitution at 9024 and 9026 The Strand, in the city of Chicago; that during the month of September, 1908, Josephine Piatkowski, then an unmarried female fifteen years of age, became an inmate of that house, and remained there, with their consent, for a period of three weeks, having sexual intercourse with men, and dividing moneys received for so doing with the keepers of the house.

Plaintiffs in error contend that the court erred in passing on objections to evidence and in instructing the jury.

CHARLES E. ERBSTEIN, for plaintiffs in error.

W. H. STEAD, Attorney General, and JOHN E. W. WAYMAN, State's Attorney, (ROY WRIGHT, and JOHN T. FLEMING, of counsel,) for the People.

Mr. JUSTICE SCOTT delivered the opinion of the court:

The bill of exceptions contains, first, the testimony of the girl, Josephine Piatkowski, and the testimony of her mother, in narrative form, and then continues in the form of a common law bill of exceptions, reciting that there was evidence offered by each party which tended to prove certain facts. The girl and her mother both testified that at the time of the trial the girl was not yet sixteen years of age; that the day of her birth was May 20, A. D. 1893. The bill of exceptions recites that the defendants introduced evidence tending to prove that the girl was of the age of twenty-two years in May, 1908. The plaintiffs in error called a police officer, and offered to prove by him that the girl "had the appearance of being twenty-two years of age." This was offered, not on the theory that her appearance as to

age was in and of itself material, but as tending to show that she was, in fact, more than eighteen years of age at the time of the alleged crime. It is urged that the court erred in excluding the testimony of this officer, and reliance is placed upon the case of *Wistrand* v. *People,* 213 Ill. 72. In that case the age of the defendant was material, and it was held the jury could not determine his age by inspecting his person during the trial, but it was said that, for the purpose of fixing his age, "persons who had seen him would have been competent to testify relative to his appearance, and such testimony would have been proper for the consideration of the jury on the question of age." This is not a holding that a witness may in the first instance express his opinion as to age from such appearance. Where testimony of this kind is material the witness should first describe the appearance of the individual whose age is in question, and then state his opinion in reference to the age of the person, based upon the appearance of that person as he has already described it. (1 Elliott on Evidence, sec. 677.) Plaintiffs in error failed to pursue the proper method in attempting to obtain the opinion of this witness on this subject.

The second instruction given at the request of the People advised the jury that it was not necessary to prove the offense as of the precise time alleged in the indictment, but that it was sufficient if the time proven was prior to the date of the indictment and "within the period set by the Statute of Limitations." It is said that the instruction is wrong in that it failed to fix the time covered by the Statute of Limitations, and this objection is well taken; but the error did not affect the rights of the accused in this case, for the reason that all the testimony which indicated that the crime had been committed tended to show that the time of its commission was in September, 1908, which was less than two months before the return of the indictment.

Complaint is also made of the third instruction given at the request of the prosecution. It is very lengthy and con-

tains a general dissertation upon the rights of the defendants to life and liberty, upon the duties of jurors and upon the importance of convicting the guilty. It also gives to the jury information about the method by which they were chosen and the reason for which they were impaneled, and tells them that they were selected as intelligent and qualified jurors. It is argumentative. It is abstract. It has no direct application to any proof in the case but it contains no inaccurate statement of the law. Instructions are designed to advise the jury as to the law under certain conditions of fact which the evidence tends to prove, to enable the jury to apply the law to the facts, and instructions which are abstract in form may be misleading. Upon this record we do not think the instruction in question could have misled the jury

At the conclusion of the instructions the court read to the jury four forms of verdict,—one form to be used as to Mary Davidson if they found her guilty and one to be used as to her if they found her not guilty, with like forms as to David Davidson. The form so submitted to be used as to Mary Davidson in case the jury found her guilty was in these words: "We, the jury, find the defendant Mary Davidson guilty.........in manner and form as charged in the indictment," with a blank space therein, as just indicated. The jury retired and later returned into court with a verdict as to each of the defendants. That as to the woman was in the words of the form quoted, except that the jury had written in the blank space the words, "of harboring a female under eighteen years in a house of prostitution." The verdict as to David Davidson was in the same words, except that his name appeared therein instead of that of Mary Davidson. The court thereupon gave the jury an additional instruction in writing, telling them that in case either defendant was found guilty, the proper form of verdict as to such defendant was, "We, the jury, find the defendant (naming him or her) guilty in manner and form

as charged in the indictment," and that the jury, if they saw
fit, were at liberty to amend each of the verdicts already re-
turned by striking therefrom the words (repeating them)
which they had written in the blank spaces in the forms
theretofore given them. The jury then retired and struck
out of the verdicts theretofore returned the words which
they had written in the blank spaces, and returned the ver-
dicts, so altered, into court, when they were received and
the jury discharged. When the court gave to the jury this
instruction in reference to amending the verdicts first re-
turned, counsel for the plaintiffs in error asked the court
for a few minutes' time in which to prepare a written in-
struction which he desired to ask the court to give, to the
effect that the jury were still at liberty to find the defend-
ants not guilty. The court refused to give counsel time to
prepare such an instruction, and its action in so refusing
and in giving the additional instruction is assigned as error.
When the verdicts were first returned they were insufficient.
*People* v. *Lee,* 237 Ill. 272.

In *Fisher* v. *People,* 23 Ill. 283, the jury came into court
and asked further instructions. The court then gave an
additional instruction but refused to permit the prisoner's
counsel to offer to the court an instruction to be given the
jury at that time at the request of the accused. This court
said in reference to that refusal: "We hold, when a jury
comes into court asking instructions and are placed in a sit-
uation to be influenced by the court, the prisoner had an
unquestionable right to present such views in the shape of
instructions to the jury as the circumstances might require
in his own behalf, and the court should have allowed it."
In that case the additional instruction was one calculated to
assist the jury in arriving at a verdict. It stated law proper
for their consideration in determining whether the accused
was guilty. In this case the additional instruction was
merely in reference to the form of the verdict to be ren-
dered in case the jury agreed to find the defendants, or

either of them, guilty. It is true that it contained nothing in reference to the forms to be used in case they found the defendants not guilty, but those forms had already been given them, and there is nothing to indicate that they had any misunderstanding about the words to be used in case they desired to acquit. The forms given for use in the event of acquittal were so simple it seems they could not have been misunderstood.

We think the record does not disclose reversible error. The judgment will be affirmed.          *Judgment affirmed.*