THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* LUDWIG WALCZNIAK, Plaintiff in Error.

*Opinion filed April 20, 1916.*

CRIMINAL LAW—*when a motion to strike testimony is properly overruled.* A motion to strike out all of the testimony of certain witnesses, without pointing out the parts claimed to be incompetent, is properly overruled, where most of the testimony of such witnesses was unobjectionable.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. JOHN M. O'CONNOR, Judge, presiding.

MAX BORCHARDT, (JAMES P. COOK, of counsel,) for plaintiff in error.

P. J. LUCEY, Attorney General, MACLAY HOYNE, State's Attorney, and GEORGE P. RAMSEY, (EDWARD E. WILSON, of counsel,) for the People.

Mr. CHIEF JUSTICE FARMER delivered the opinion of the court:

Plaintiff in error, Ludwig Walczniak, was convicted in the criminal court of Cook county of the crime of taking indecent liberties with a female child under the age of fifteen years and sentenced to imprisonment in the penitentiary.

He has sued out this writ of error to have said judgment reviewed.

The errors discussed in the brief and relied upon for a reversal of the judgment are, that the court erred in over-ruling motions by plaintiff in error to strike out certain testimony of some of the State's witnesses on the ground that it was incompetent and improper for consideration by the jury, and also that the evidence does not prove the crime charged in the indictment, but that if it proves any crime it is the crime of rape.

The child with whom plaintiff in error was charged with taking indecent liberties was three and one-half years old. Plaintiff in error and five other men boarded at the house of the child's parents. During the parents' absence on a Sunday afternoon at a meeting at a church one of the boarders attempted to go into the bath-room of the home but was unable to open the door. Some of the other boarders came to his assistance and by the use of a knife managed to throw the latch or hook by which the door was fastened on the inside. Plaintiff in error and the child were in the bath-room. Plaintiff in error's trousers were down. For obvious reasons we refrain from giving the name of the child or its parents, and because of the character of the crime and the testimony of the witnesses we decline to set it out in substance for publication. Nothing was said to the parents upon their return, by the child or anyone else, about what had happened. It was observed by the parents and some of the other witnesses who testified, that the child was pale. The child was nervous and restless at night and developed such a condition five days afterward that it was taken to a midwife. She found its private parts inflamed, swollen, discharging pus and offensive to the smell. She advised that it be taken to a physician, which was done. The physician found its private parts in such condition that it was taken to a hospital for a week, after which it was brought home but was again taken to the hospital for an-

other week. The doctor gave it as his opinion that the
child's condition was the result of an injury. On account
of its tender years the trial judge refused to permit the
child to testify.

Plaintiff in error testified in his own behalf and denied
his guilt. He admitted being in the bath-room alone with
the child, but said he went in for the purpose of adjusting
its clothing to enable it to answer a call of nature. He con-
tradicted the witnesses who testified that he did not make
his presence known when they were trying to get into the
bath-room and that they unfastened the inside hook or latch
from the outside. We are not at all impressed by his tes-
timony, and do not see how the jury could reasonably have
arrived at any other conclusion than that he was guilty.

Some things were testified to by some of the witnesses
which were technically objectionable. No objection was
made, however, at the time the testimony was given, and
not until the cross-examination was concluded, or until the
whole evidence was concluded for the State and the defend-
ant, was any objection raised. Plaintiff in error then moved
to strike out all the testimony of the witnesses who had tes-
tified, perhaps, to some things that were incompetent. Most
of their testimony was not objectionable, and the objec-
tionable part was not pointed out in the motion to strike
but the motion was to strike the whole testimony. The
court did not err in overruling the motion. (*Mash* v. *Peo-
ple,* 220 Ill. 86; *Fitzsimons & Connell Co.* v. *Braun & Fitts,*
199 id. 390.) At all events, we would not be willing to
reverse this judgment because of the admission of the tes-
timony complained of. *People* v. *Cleminson,* 250 Ill. 135;
*People* v. *Strosnider,* 264 id. 434.

The errors complained of have had our careful consid-
eration, and we are satisfied none of them would justify a
reversal of this judgment.

The judgment is affirmed.            *Judgment affirmed.*