(No. 20961.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* LEONARD FITZGIBBONS, Plaintiff in Error.

*Opinion filed December 17, 1931.*

CHARLES V. FALKENBERG, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, JOHN A. SWANSON, State's Attorney, aud J. J. NEIGER, (EDWARD E. WILSON, and GRENVILLE BEARDSLEY, of counsel,) for the People.

Mr. CHIEF JUSTICE STONE delivered the opinion of the court:

Plaintiff in error was found guilty in the criminal court of Cook county of the crime against nature upon and with one Kenneth F. Hoffman, a boy of the age of seven years. The indictment consisted of four counts. The first charged the crime against nature. All but the first were *nolle prossed* at the close of the People's evidence.

The conviction is based on the testimony of the complaining witness, Kenneth F. Hoffman, and Bobby Zeisler, another boy seven years old. Their evidence tends to show that on the afternoon of July 9, 1930, at about 4:00 or 5:00 o'clock, as they were passing plaintiff in error's garage, plaintiff in error called Kenneth into the garage, telling him that he had a job for him; that while there plaintiff in error committed upon him the crime against nature. Immediately thereafter plaintiff in error summoned Bobby Zeisler from the alley into the garage and committed the crime against nature on him, the latter in the presence of Kenneth Hoffman. The testimony of these boys is that plaintiff in error then gave each a nickel and a glass of lemonade.

Frank N. Hoffman, father of Kenneth, testified that on the evening of July 9, 1930, he went to plaintiff in error's garage and said to him, "What is the idea of giving my

boy money?" that he replied that the boys were trying to steal his inner tubes; that the witness said: "Do you pay kids for stealing your tubes? I ought to knock your head off. I will have the law take care of you." The witness testified that he called the police.

Plaintiff in error testified denying all charges against him. He stated that he was not alone at the time these boys were in his garage but that one William Murmence was there from 2:30 to 5:15, and that after Murmence left the garage one Robert Pedersen was there during the time the boys were in the garage. He also testified that the Hoffman boy and another boy came into the garage, stood in the doorway a while and left, and when they went away they took an inner tube and a hub-cap.

William Murmence testified that on July 9 he was in plaintiff in error's garage from 2:30 to 5:15; that up to the time he left, neither of the boys, nor any other boys, had entered the garage.

Robert Pedersen testified that he was eighteen years old, was, and for three years had been, employed by the Western Union Telegraph Company, and had known plaintiff in error since he was a small boy; that about 5:15 on July 9, 1930, he entered the garage of plaintiff in error; that plaintiff in error's wife was there with him; that witness remained about twenty minutes and at plaintiff in error's request helped him with the car on which he was working; that while seated in the car two small boys, one of whom was Kenneth Hoffman, came to the garage; that when the boys left they took an inner tube and a hub-cap; that the witness told plaintiff in error and he went out and caught the boys, and that at no time did plaintiff in error do the things the two boys testified about.

In rebuttal the People called William J. Malone, supervisor of the Western Union Telegraph Company, who testified that he had charge of the time-cards of the employees; that the card of Robert Pedersen for July 9, 1930,

showed that he reported for duty at 3:27 P. M., went to work at 3:30 and worked until 8:14 P. M., when he went out to lunch and returned at 8:43 and was off duty at 11:58 P. M., and that during that time he had two rest periods—one from 6:11 to 6:21 P. M. and the other from 11:42 to 11:57 P. M. The People also introduced the record of a plea of guilty of plaintiff in error on September 28, 1917, to a charge of larceny of an automobile of the value of $450 and of his sentence to the Pontiac reformatory.

Plaintiff in error first argues that the only competent evidence offered against him was that of Kenneth Hoffman, and that because plaintiff in error denied the charge the evidence to support the conviction should have been corroborated by other competent evidence, facts or circumstances, citing in support thereof *People* v. *Blanch,* 309 Ill. 426, and *People* v. *Bolik,* 241 id. 394. In the *Blanch case* the conviction for rape was based solely on the testimony of the complaining witness. Complaint was not made for six weeks after the offense. The denial of the defendant was supported by the testimony of several other persons who were in the party at the time the offense was alleged to have been committed. The *Bolik case* was also a conviction for rape on the sole testimony of the complaining witness, made some three weeks after the alleged assault. The testimony of the complaining witness was found to be unreliable. In the present case there is not only the testimony of Kenneth Hoffman, but likewise the testimony of his father, Frank Hoffman, shows that he shortly after the alleged crime visited the garage of plaintiff in error and accosted him concerning his giving money to his boy. While he did not there specifically charge him with the crime for which plaintiff in error was tried, it is evident from the conversation between them that plaintiff in error understood that a complaint was being made against him. We are of the opinion that the evidence in this case is sufficient to justify the conviction.

It is next contended that it was error to admit the testimony of Bobby Zeisler, as it related to a separate and distinct offense and no part of the *res gestæ* and was introduced to arouse the passion and prejudice of the jury. It is a sufficient answer to this argument to say that there was no objection to the competency of this evidence. Counsel for plaintiff in error did object to the competency of the witness Bobby Zeisler on account of his age, and the court, out of the presence of the jury, inquired into his competency and determined that he had the necessary qualifications to testify and overruled the objection. In this the court did not err. Plaintiff in error's abstract shows that at the close of the direct examination of Bobby Zeisler a motion was made to strike all his testimony, without assigning any reason therefor. A general objection without assigning a reason is not sufficient. It may be further observed that a portion, at least, of the testimony of Bobby Zeisler was competent. *People* v. *Walczniak,* 273 Ill. 76.

It is also argued that it was error to admit evidence of the former conviction of the plaintiff in error, for the reason that it was induced solely for the purpose of securing the conviction of the defendant at whatever cost. In support of this contention it is argued that the record introduced showed plaintiff in error to have been indicted not alone for larceny but also for receiving stolen property, that his plea of guilty to the indictment was for both larceny and receiving stolen property, and he was so sentenced upon his plea and not merely for larceny. The indictment was for both larceny and receiving stolen property. The plea of guilty was to the indictment. The evidence was admissible for the purpose of affecting the credibility of the witnesses.

It is also contended that the verdict of the jury was erroneous and improper in that it found the plaintiff in error guilty in manner and form as charged in the indict-

ment while the indictment had four counts charging different offenses. As we have stated, the second, third and fourth counts were *nolle prossed* by the People, leaving but one count to the indictment charging the crime against nature. The verdict was proper.

Plaintiff in error also contends that the evidence is not sufficient to sustain the conviction, and cites *People* v. *Langaas,* 339 Ill. 267, where this court reversed a judgment of conviction of taking indecent liberties with a child seven years old, holding that the testimony was so contradictory and unsatisfactory that the court was satisfied that the question of the guilt of the defendant should be presented to another jury. In that case the prosecuting witness was not corroborated by any other evidence, while, as we have seen, such is not the case here. It is true, plaintiff in error denied that he committed the crime charged, but he admitted that the boys were at his garage, and attempted to show that it was impossible for him to have committed the crime without the knowledge of the witness Pedersen, who he testified was present at the time the boys were at his garage. This testimony, as well as Pedersen's, was entirely impeached by the supervisor of Pedersen's employer, whose records showed that Pedersen, at the time he and plaintiff in error stated he was in the latter's garage, was on duty, working for his employer at his regular place of employment. The credibility of the witnesses and the weight of the testimony were in the first instance for the jury, and we are of the opinion that the jury were justified in returning the verdict of guilty.

There being no error in the record requiring reversal, the judgment will be affirmed.

*Judgment affirmed.*