(No. 24263.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* FRED CLAUSSEN, Plaintiff in Error.

*Opinion filed December 15, 1937.*

FRANCIS W. PETERSON, and ARTHUR POORMAN, for plaintiff in error.

OTTO KERNER, Attorney General, THOMAS J. COURTNEY, State's Attorney, and A. B. DENNIS, (EDWARD E. WILSON, JOHN T. GALLAGHER, MELVIN S. REMBE, and BLAIR L. VARNES, of counsel,) for the People.

Mr. CHIEF JUSTICE FARTHING delivered the opinion of the court:

The defendant, Fred Claussen, was indicted in the criminal court of Cook county for the crime of statutory rape of a fifteen-year-old girl, Stephanie Froncek, on September 12, 1936. He was tried by the court without a jury, found guilty, and sentenced to the penitentiary for a term of five years. He has sued out this writ of error.

The prosecutrix testified that on September 12, 1936, she was just past fifteen years of age. She had known the defendant, a janitor at the Hamilton piano factory in Chicago, for about three years. A few days before July 4, 1936, she was passing the factory when he called her inside and had sexual intercourse with her and gave her a dollar when she left. The prosecutrix testified that in the first week of September she again went to the factory with Martha Eitutis, and had sexual intercourse with the defendant on a bench in a little room that had been partitioned off from the furnace room. This act was committed in the presence of Martha Eitutis. She told Martha about the first occurrence two days after it happened, and told her sister about the second about two weeks later.

Martha Eitutis corroborated the prosecutrix as to the second act. She saw it from outside the open door of the small room. On this occasion the defendant gave both girls a quarter.

The defendant denied having had sexual intercourse with the prosecutrix, but admitted that she and Martha Eitutis had visited him at the factory on fifteen or sixteen occasions. He testified that the prosecutrix borrowed a total of $3.50 from him and promised to pay him back when she got a job. Once he loaned her a dollar to buy a pair of stockings, and another time he loaned her a dollar to get something to eat, because her family was on relief. He made loans of smaller amounts at other times. He said that once, when he loaned her a dollar, she kissed him and said, "Thank you."

The defendant's contention that the evidence is insufficient to support the judgment against him is based largely on the fact that the prosecutrix made no immediate complaint. In *People* v. *Burns,* 364 Ill. 49, 55, the prosecutrix was fond of the defendant. There, as here, he argued that since no immediate complaint was made the testimony of the prosecuting witness was greatly weakened. In disposing of this contention and holding that the delay was explained, we said: "His argument ignores the fact that she assented to the acts of intercourse on September 12, and, so far as the record shows, to the numerous other acts concerning which she testified. The authorities invoked to support the defendant's argument are cases where the crime was charged to have been committed with force and against the will of the victim. * * * Under these circumstances it would have been singularly strange for the prosecutrix to have made prompt complaint to her parents." While in this case the prosecutrix said she told the defendant to leave her alone, the circumstances show that she consented and was willing to keep silent. Furthermore, in the cases in which we have reversed convictions because the prosecutrix made a delayed complaint, the testimony of the prosecuting witness was not otherwise corroborated. Here, there was an unimpeached and disinterested eye-witness to the second act, and it was the one

relied on for conviction. The defendant's testimony was not convincing and the court was warranted in refusing to believe him.

The next point involves the proof of the defendant's age. To establish the *corpus delicti* in rape without force it is necessary that the proof should show, first, that the female was under the age of sixteen; second, that the male was over the age of seventeen, and third, that sexual intercourse occurred between them. (*Wistrand* v. *People,* 213 Ill. 72; 38 S. H. A. 490.) The defendant admitted that he was fifty-two years of age, and Emma Di Peso, a truant officer, testified that she heard the defendant state, at the preliminary hearing before a justice of the peace, that he was fifty-two years old. An objection to her testimony was overruled, and a motion to strike was denied. After verdict, the defendant offered a transcript of the testimony before the justice of the peace, but it has not been abstracted. The transcript might have affected the credibility of the witness, but it would not have rendered her testimony incompetent. Hence, this testimony was admissible. Over a general objection, police officer, Clarence H. Baker, gave it as his opinion that defendant was fifty-six years old. He based his opinion on his observation of the people he came in contact with as a policeman. He had discussed the cases of persons who had been arrested and usually inquired as to their ages. He had talked to the defendant and had an opportunity to observe him. The proper foundation for opinion evidence as to age is for the witness to first describe the person whose age is material and then give his opinion. (*People* v. *Davidson,* 240 Ill. 191; *People* v. *Limeberry,* 298 id. 355.) In the absence of a specific objection, it was proper to permit this witness to give his opinion as to the defendant's age. (*People* v. *McCurrie,* 337 Ill. 290.) There was ample testimony as to the defendant's age. *Wistrand* v. *People, supra,* relied on by the defendant,

holds, only, that the age of the defendant cannot be proved by his confession alone, and is not in point.

The defendant contends that the People did not prove that the prosecutrix was not his wife. No one testified directly that she was not his wife, but the evidence is overwhelming that she was not, and this point need not be considered further.

The defendant insists that the court erred in admitting evidence of an act of intercourse wholly independent of that for which he was prosecuted. No objection was made to this testimony, and none could properly be made, because in cases of statutory rape evidence of other acts of sexual intercourse with the prosecutrix are admissible to show the relation and familiarity of the parties. *People* v. *Burns, supra; People* v. *Cassidy,* 283 Ill. 398.

The defendant contends that evidence that the prosecutrix had been examined by a physician more than six months after the alleged act of intercourse and found to have a ruptured hymen had no tendency to prove the guilt of the defendant. This is true, (*People* v. *Egan,* 331 Ill. 489,) but the defendant did not object to this testimony. On the contrary, he stipulated that fact. Hence he can not complain.

The defendant insists there was a failure of proof, because there is no evidence that the offense was committed on September 12, 1936, the date alleged in the indictment. The exact date of the commission of the crime of statutory rape is not material. It is sufficient if the proof showed it was committed within the period of the Statute of Limitations prior to the returning of the indictment. *People* v. *Olroyd,* 335 Ill. 61, 68.

The defendant urges that his reputation for morality, veracity and chastity stands uncontradicted and is entitled to some weight. While no one testified directly that his reputation was bad in those respects, we must presume that the court, who saw and heard the witnesses, took the testi-

mony as to the defendant's reputation into consideration and gave it the weight to which he thought it was entitled. The determination of the weight of the evidence and the credibility of the witnesses is in the province of the jury, or, in the absence of a jury, for the court, and we will not set aside judgment, except to prevent an injustice. *People v. Hanisch*, 361 Ill. 465; *People v. Wynekoop*, 359 id. 124.

The defendant had a fair trial and the judgment is affirmed.

*Judgment affirmed.*