(No. 28555.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* HARRY CROWE, Plaintiff in Error.

*Opinion filed May 23, 1945.*

CHARLES A. BELLOWS, of Chicago, for plaintiff in error.

GEORGE F. BARRETT, Attorney General, and WILLIAM J. TUOHY, State's Attorney, of Chicago, (EDWARD E. WILSON, JOHN T. GALLAGHER, MELVIN S. REMBE, JOSEPH A. POPE, and EDMUND H. GRANT, all of Chicago, of counsel,) for the People.

Mr. CHIEF JUSTICE FULTON delivered the opinion of the court:

The plaintiff in error, Harry Crowe, was indicted in the criminal court of Cook county on July 30, 1943, for the crime of taking indecent liberties with a female child who, at the time of the crime on July 19, 1943, was not quite seven years old, she having been born on July 22, 1936. The trial was commenced before a jury on March

6, 1944, and the plaintiff in error was later convicted by the jury and sentenced to imprisonment in the penitentiary. He prosecutes this writ of error to reverse that judgment.

At the time in question, the plaintiff in error was thirty-one years of age, was married and had two children. He and his family occupied the first floor and basement of an apartment at 3830 West Flournoy street in Chicago. Joanne Konsoer, a child about eight years of age, who testified for the State, resided with her mother, father, brother and sister on the second floor of this same building, and was in the third grade in a Catholic school. The complaining witness lived about three doors away on the same street and was in grade 2-B in the Gregory school. She and Joanne were playmates, and she had known the plaintiff in error, Harry Crowe, for a long time.

She testified to the commission of two offenses upon her, one in Crowe's home when she and Joanne were there together and were each sitting on one of plaintiff in error's knees, and the second offense about two weeks later when Crowe took her into his basement and stood her on a trunk and took indecent liberties with her. After she left the basement, she went upstairs with Joanne Konsoer and Joanne told her to go home and tell her mother and father, which she testified she did. Her mother testified that she had a conversation with her daughter on July 19, 1943, and, after she talked to her, the mother called the police, and later she went to the State's Attorney's office with her daughter and Joanne and her mother.

Both girls were uncertain as to what day the first offense was committed, but they both testified it was in the month of July, 1943, and in the afternoon. Joanne corroborated the complaining witness as to the offense when she and complaining witness were sitting on Crowe's knees in the dining room of his home, and she further testified that the wife of plaintiff in error was not at home at the time but that his sons, Robert and Butchie, were

running in and out of the house. Joanne told her mother that evening what Crowe had done. No objection was made by the plaintiff in error to this testimony.

Police officer March testified that he arrested the plaintiff in error on July 20, and took him to the police station and later sent him to the State's Attorney's office. Later that day, after plaintiff in error returned from the State's Attorney's office, he had a conversation with him in which Crowe admitted he had taken indecent liberties with complaining witness in his basement. The plaintiff in error did not testify and, therefore, the testimony of the complaining witness and Joanne Konsoer as to the commission of the two offenses was not denied by the defendant or by any other of the defense witnesses, nor did the plaintiff in error deny the testimony of the police officer as to the confession.

The only witness offered by the plaintiff in error was the testimony of his wife, Alice Crowe. She testified she saw complaining witness in her home on only one occasion, that being July 5, 1943, which was her little boy's birthday, at which time her husband was home in the afternoon and he was playing with the children, roughing them up a bit, playing tag and climbing over the furniture, and that they were all sitting around her husband's knees. She further testified that on July 19, 1943, she left home about 4:45 P.M. and the complaining witness was not there. On cross-examination this witness testified she had seen complaining witness come into their building and go up to the Konsoer apartment, and that from time to time, the Konsoer girl had been down in the basement, which was used by both families, and that the Leonard girl had at times gone down with her; that there was a trunk in the basement and that they kept some kittens there which her husband would feed.

The plaintiff in error put on the stand three witnesses to prove his general reputation for chastity and good

morals. One of his character witnesses resided in Elmhurst and was general manager of a plant where plaintiff in error worked, and his knowledge was based simply on his business acquaintance, and on cross-examination he said he had never discussed it with anyone. Alice MacArthur, another character witness, lived distant about ten minutes walk, and Harriet Murray, the third witness, lived about five blocks away from the Crowe home. The People in rebuttal called three witnesses who testified the reputation of plaintiff in error for chastity and good morals was bad. The evidence on this point was about evenly divided.

The plaintiff in error contends that he was not proved guilty beyond all reasonable doubt. In support of his position the plaintiff in error cites, without comment, three cases, *People* v. *Schwabauer,* 369 Ill. 261; *People* v. *Phipps,* 338 Ill. 373; *People* v. *Freeman,* 244 Ill. 590. In the *Schwabauer case,* there was a conviction for taking indecent liberties with a male child eleven years of age. The judgment was reversed and the cause remanded for a new trial because of the unsatisfactory evidence for both the People and the defense. There were eleven witnesses produced by the defense to prove an alibi. The defendant testified and denied all the testimony of the State's witnesses; one of the State's witnesses was uncertain in his identification of the defendant, and there were strong contradictions as to other material features of the evidence.

In the *Phipps case,* there was a conviction for the crime of taking indecent liberties with a female child, but the indictment also contained a count for assault with intent to commit rape, which was later nolled after the proof was in. The child's mother had, however, testified to a complaint by the child as to the attempted rape. The girl was ten years of age. The defendant called several witnesses to contradict and impeach the testimony of the prosecuting witness and also testified in his own behalf. The court reversed and remanded the case for a new trial

because there were too many errors of a material character committed on the trial to justify this court in affirming the judgment. The errors pointed out were in the giving of instructions, the refusal of the court to require the prosecution to elect on which count it would prosecute the case, and because the jury might be materially affected by the incompetent testimony of the mother given in support of the stricken count.

In the *Freeman case,* a judgment of conviction in an indecent-liberties case was reversed because the testimony of the prosecuting witness, a child about eight years of age, was not clear and convincing and because there was practically no corroboration of her story.

We are aware of the danger of resting a conviction on the testimony of a child of tender years, and such a conviction ought not to stand unless the testimony is corroborated or is otherwise clear and convincing. (*People v. Johnson,* 298 Ill. 52.) In the case cited, the complaining witness was a girl eight years of age. She lived with an uncle to whom she told her story and the two were the only witnesses for the State. The defendant, Johnson, was the only witness for the defense, and he denied all the statements made by the complaining witness and her uncle. This court said in that opinion: "The weight to be given the testimony of these witnesses was a matter for the jury, and its verdict will not be set aside unless the finding is so palpably against the evidence as to indicate that the verdict is based upon passion or prejudice."

In *People* v. *Fitzgibbons,* 346 Ill. 338, a conviction of the crime against nature was sustained where the testimony of the complaining witness, a child seven years old, was corroborated by that of another boy of the same age and to some extent by that of adult witnesses, the court stating that the credibility of the witnesses and the weight of the testimony were questions for the jury.

On this trial the jury saw and heard all of the witnesses and it was its province to judge the credibility of the witnesses and the weight of the evidence, and we cannot say that the plaintiff in error was not proved guilty beyond all reasonable doubt. *People* v. *Klemann*, 383 Ill. 236; *People* v. *Caylor*, 386 Ill. 501.

Plaintiff in error also contends that the trial court erred in permitting the complaining witness to testify because of her age and because she did not know the nature of an oath or whether it was wrong to lie. She was born on July 22, 1936. At the time of the crime on July 19, 1943, she lacked three days of being seven years old, and at the time she testified at the trial on March 6, 1944, she was about seven years and seven and one-half months of age.

Counsel for plaintiff in error, in his statement of the facts, omits some of the child's testimony bearing on her competency. She testified: "I know what it means to lie; * * * I am going to tell the truth. * * * If I told my mother a fib or a lie she would hit me. I am going to tell the truth in this case. * * * I know I am in a court room. The man on the bench is a judge. I am going to tell the judge and the jury the truth." And in answer to the question: "Do you know that if you do not tell the truth that the judge might punish you," she answered "Yes."

We are aware that in *People* v. *Martin*, 380 Ill. 328, this court stated that in rape cases where a conviction depends upon the testimony of the prosecuting witness and the defendant denies the charge there must be substantial corroboration of the prosecuting witness by some other evidence, fact or circumstance in the case. In that case the testimony of the child was held extremely unsatisfactory and was developed only through the urgency and persistence of her mother.

The complaining witness here is corroborated by her mother and Joanne Konsoer, who was eight years old on

August 5, 1943. There is no attack made by the plaintiff in error on her qualifications and she described the act when complaining witness and she were each sitting on defendant's knees. She is further corroborated by officer March, who interviewed the plaintiff in error shortly after his arrest. The present case is not one where it can be said to be dependent entirely upon the uncorroborated testimony of the prosecutrix.

In *People* v. *Peck,* 314 Ill. 237, this court said that in a prosecution for taking liberties with a child six years of age, the child is a competent witness where there is evidence that he knew right from wrong; that to be "sworn in" meant to tell the truth, and that he believed in future punishment if he told a lie. The boy in this case never went to Sunday school or to church. He was not able to tell the day of the month on which the crime was committed or how long it was from the time of the crime to the time of the trial, but he was able to fix it by other means and the State was also able to fix it by other testimony. He was not able to tell what the court or judge would do with him if he should tell a lie on the witness stand, and he was not able to tell just what it meant for one to hold up his hand and take an oath, but he did answer that the term "sworn in" meant that he should tell the truth. His answers on preliminary examination showed that he knew the difference between right and wrong, and the court held that he was clearly competent. In that case the only testimony was that of the boy and the police officer. The defendant took the stand and denied the testimony of the State's witnesses, but the judgment of conviction was affirmed, citing the case of *People* v. *Johnson,* 298 Ill. 52. In the latter case this court said: "The competency of a child to testify depends upon his or her intelligence, understanding and moral sense. If the preliminary examination shows that the child understands the nature and meaning of an oath and is of sufficient intelli-

gence and understanding to comprehend the things about which she is called upon to testify, it is not error to admit her testimony," citing *Sokel* v. *People,* 212 Ill. 238, and *People* v. *Karpovich,* 288 Ill. 268. To the same effect is *People* v. *Fitzgibbons,* 346 Ill. 338.

It is true the complaining witness testified she did not go to church and did not go to Sunday school, and that she said she did not know whether it was right or wrong to lie, but it is clear from her preliminary examination that she understood the nature and meaning of an oath and knew she was in the courtroom and that the man on the bench was the judge and she said she was going to tell the judge and the jury the truth, and further said that if she did not tell the truth the judge might punish her.

In *People* v. *Schladweiler,* 315 Ill. 553, we said: "A test as to religious opinion or belief is no longer required in determining the competency of a witness. The requirement is not one of age or religious belief, but of intelligence and understanding." This was a prosecution for taking indecent liberties with a child eight years of age, and the court further held that where objection is interposed on account of a child's age, the question of permitting the child to testify is a matter resting largely in the discretion of the trial court.

We are satisfied that the trial court in the present case did not abuse his discretion nor err in permitting the complaining witness to testify.

Plaintiff in error insists it was error to permit the witness, Joanne Konsoer, to testify as to the defendant's conduct toward her when she was on his knee and complaining witness was on his other knee, on the ground that it was proving separate and distinct offenses in violation of the rule in *People* v. *Rogers,* 324 Ill. 224. In that case, however, the separate acts of indecent liberties were with different girls and were not committed at the same time as the commission of the act with the prosecuting witness.

The record does not show that the plaintiff in error made any objection to the testimony of Joanne Konsoer on this ground, and at the close of Joanne's testimony defendant's counsel did not move to strike the testimony as to this separate offense, nor did defendant's counsel object to the testimony of the complaining witness in regard to the defendant's conduct with the other girl, Joanne Konsoer. It is a sufficient answer to plaintiff in error's contention that there was no objection made by him to the competency of this evidence.

It has long been the rule of this court that testimony not objected to on the trial of the cause is not subject to review. (*People* v. *Lanie,* 378 Ill. 320; *People* v. *Armour,* 307 Ill. 234; *People* v. *Fitzgibbons,* 346 Ill. 338; *People* v. *Reno,* 324 Ill. 484; *People* v. *Boetcher,* 298 Ill. 580.) In the *Fitzgibbons case,* we said that an objection to the testimony of a witness as relating to a separate and distinct offense comes too late on review where no such objection was made on the trial.

It is next urged that the trial court erred in refusing to admit in evidence certain photographs, taken by the defendant's wife, of the trunk and the plaintiff in error standing alongside the trunk. The record discloses that neither the head nor the feet of the plaintiff in error appear in the picture, and that the pictures are horizontal. The wife of plaintiff in error testified as to the measurements she made of the trunk and where the top of the trunk was with reference to her husband's knees when she claimed he was standing alongside it, and plaintiff in error, therefore, was not harmed by the ruling of the court in excluding this photograph. Furthermore, it appears that the taking of this photograph was for the purpose of supporting the theory of plaintiff in error and not for the purpose of showing the physical facts as they actually existed at the time of the crime. Photographs of a scene or objects which have been posed or arranged by one party, for

the purpose of taking the photograph, in the way or manner sought to be shown are not admissible. (*Chicago and Eastern Illinois Railroad Co.* v. *Crose,* 214 Ill. 602; *Ellis* v. *Flannigan,* 253 Ill. 397.) The objection to the ruling of the court and refusal to admit the photograph in evidence is without merit.

Under the circumstances shown by the testimony in this case, the trial court did not err in refusing to permit defendant's wife to testify that she did not see the defendant put his hand under the dress of the complaining witness on July 5. The defendant's wife was not prevented from rebutting the testimony of the State as to the children being in her home on the dates the State proved, and it was immaterial and irrelevant that defendant's wife did not see the defendant take any indecent liberties with a child on July 5, as that date was not in issue under the indictment, and the fact that the witness did not see the defendant commit the crime on some other date did not tend to rebut the State's proof that he did commit the crime on July 19.

Plaintiff in error contends that the trial court erred in refusing to give the following instruction offered by him: "The Court instructs the jury that the specific charge in this case is that the defendant on the 22nd day of July, 1943, took indecent liberties with  *  *  *  [complaining witness.] If the State fails to prove that such indecent liberties were taken on that day, you are to find the defendant not guilty, irrespective of any alleged acts of misconduct on any other day or any other child." We held in *People* v. *Olroyd,* 335 Ill. 61, that it is not error to refuse an instruction that the defendant cannot be found guilty unless the evidence proves the crime was committed on the date testified to by the prosecutrix. The trial court did not err, therefore, in refusing to give the above instruction.

Plaintiff in error complains that the trial court erred in giving to the jury the following instruction: "The jury are instructed that it is necessary that the time of the offense should be alleged in the indictment, but it is not generally necessary to prove the time as laid. It is enough if some time is proved before the date of the indictment and within the period set by the statute of limitations, which is within eighteen months." One of his objections is that this instruction incorrectly stated the Statute of Limitations as eighteen months, whereas it should have been three years. It is true the latter part of the instruction as to the Statute of Limitations was incorrect, but that may be rejected as surplusage, as there was no question but what the defendant was charged in the indictment with having taken indecent liberties with a child, which is, of course, a felony and not a misdemeanor, and there was no question involved as to the Statute of Limitations in this case. In *People* v. *Poindexter,* 243 Ill. 68, this court said, concerning a similar instruction, "as the whole transaction occurred less than three months before the finding of the indictment, the instruction did no harm." The record in this case shows the indictment alleged the offense was committed on July 19, 1943, and the indictment was returned by the grand jury and filed in court on July 30, 1943. To the same effect are *People* v. *Davidson,* 240 Ill. 191, at page 193; *People* v. *Olroyd,* 335 Ill. 61. The error, therefore, is harmless.

We have carefully reviewed the record in this case and are of the opinion that the plaintiff has had a fair trial, and in our opinion the evidence was such that the jury could not have drawn any other conclusion from the facts than that the plaintiff in error was guilty as charged in the indictment. The judgment of the trial court is affirmed.

*Judgment affirmed.*