(No. 25259.— )

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* VIRGINIA HERZBERGER *et al.* Plaintiffs in Error.

*Opinion filed October 13, 1939.*

BENJAMIN C. BACHRACH, and FRANK J. FERLIC, for plaintiffs in error.

JOHN E. CASSIDY, Attorney General, THOMAS J. COURT-NEY, State's Attorney, and A. B. DENNIS, (EDWARD E. WILSON, JOHN T. GALLAGHER, MELVIN S. REMBE, and BLAIR L. VARNES, of counsel,) for the People.

Mr. JUSTICE MURPHY delivered the opinion of the court:

Virginia Herzberger, Dorothy Herzberger, Gertrude Cronk and Joe Morgan were indicted in the criminal court of Cook county for taking indecent liberties with Joan Taylor, an eight-year-old girl. On a jury trial, they were found guilty and sentenced to prison, and bring the record to this court for review.

The first error assigned for reversal is that the evidence did not establish the guilt of each of the defendants beyond a reasonable doubt. When Joan was two years old her parents separated and virtually abandoned her. When two and one-half years old she was taken into the home of defendant Virginia Herzberger and husband, where she was supported and maintained for about six years. March 2, 1938, John Taylor, the father of Joan, was told by Virginia Herzberger to take the child or give consent to their adopting her. He took the child with him and she was never under the care of the Herzbergers after that date. Virginia Herzberger, aged thirty-four, resided with her husband and was the mother of a grown daughter; Dorothy was married to a brother of Virginia's husband and resided with her husband and three children, ranging in ages from two and one-half to eight. Gertrude Cronk, aged 37, was separated from her husband, but not divorced, and was the mother of eight children, who were all cared for in an institution. At the time of the commission of the alleged offense and for more than a year prior thereto she had been living with defendant Joe Morgan in a two-room apartment. Morgan was forty years of age and had

spent eighteen of them in prison for various crimes, none of which had anything to do with sex. The Herzberger families were acquainted with Mrs. Cronk and at various times visited at the Morgan apartment. The evidence introduced for the purpose of proving the offense is of such a revolting character that it is not fit for publication. We have examined it with care and are of the opinion that the guilt of the defendants has not been proved beyond a reasonable doubt. The evidence of Joan is contradicted by all the defendants, and the testimony of the medical expert, offered in corroboration, is of slight evidentiary value.

The charge preferred against these defendants is similar to that of rape, and in *People* v. *Freeman,* 244 Ill. 590, which involved a similar charge of an eight-year-old girl, this court said: "In order, however, to justify a conviction for rape on the uncorroborated testimony of the prosecutrix, such testimony must be most clear and convincing. * * * These same rules of law may be fairly held to apply to the evidence of the prosecuting witness in this class of offenses." This rule was subsequently quoted with approval in *People* v. *Langaas,* 339 Ill. 267.

Since this case must be retried there is one error urged which should be given consideration. On cross-examination Mrs. Cronk and Morgan were each asked questions in reference to the commission of a crime other than the one charged. In *People* v. *Rogers,* 324 Ill. 224, a case of this character, this court held that it was improper and prejudicial to introduce evidence showing the defendant had been guilty of similar practices upon other girls. It was there urged, as in this case, that such evidence was admissible to show intent. We said: "Proof of separate and distinct acts of indecent liberties with other children at other times and places would not tend to show guilty knowledge or intent in the act charged. Such was shown by the act itself." In this case evidence of a perverted and degenerate act of Mrs. Cronk and Morgan, performed at a time and place other than the one for which the defend-

ants were being tried, would not be evidence of guilty knowledge or intent to commit the offense charged. The effect of such question, even though objections were sustained, was to induce the jury to believe that Mrs. Cronk and Morgan were guilty of perverted acts other than that for which they were being tried. Evidence of such other acts was not competent and would create a prejudice in the minds of the jury against them. It makes no difference how perverted and degenerated in mind or habits a defendant may be, he is, nevertheless, entitled to a fair trial for the offense with which he is charged.

Other errors are assigned but they are such that they will not be repeated on another trial and it is not necessary to discuss them.

The judgment of the criminal court of Cook county is reversed and the cause remanded for a new trial.

*Reversed and remanded.*