(No. 32491.— )

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JAMES KERNEY, Plaintiff in Error.

*Opinion filed November 20, 1952.*

LOUIS L. GOULD, and STEPHEN LEE, both of Chicago, for plaintiff in error.

IVAN A. ELLIOTT, Attorney General, of Springfield, and JOHN S. BOYLE, State's Attorney, of Chicago, (JOHN T. GALLAGHER, RUDOLPH L. JANEGA, ARTHUR F. MANNING, WILLIAM J. McGAH, JR., and HERBERT BARSY, all of Chicago, of counsel,) for the People.

Mr. JUSTICE MAXWELL delivered the opinion of the court:

Plaintiff in error, James Kerney, hereinafter designated defendant, prosecutes a writ of error to review his conviction in the criminal court of Cook County, of the crime of taking indecent liberties. He waived jury trial, was tried by the court and sentenced to serve not less than five nor more than twelve years in the penitentiary.

On the night of December 26, 1949, about the hour of 10:00 P.M., Mary Ann Rowe, a female child of eight years of age, a niece of defendant, was asleep in one of the rooms of her four-room, first-floor apartment home in the city of Chicago. Her two sisters, seven and six years old, were sleeping in the same room. Mary Ann testified that a man with a handkerchief over his face entered the room through an open window, took her out of bed into an ajoining room, placed her upon a bed and assaulted her. She positively identified this man as her uncle, the defendant here, a married man twenty-nine years old and father of four children. When she screamed he jumped out the window leaving a brown camel's-hair topcoat on a studio couch in the room.

Three adult occupants of the upstairs apartments heard the screams of the children and went to their apartment. These parties testified that about thirty minutes later the defendant came in, told them he had been there, found the door unlocked and the children sleeping; that he sat down to await the return of their mother or their uncle who lived with them and had gone down the street to get some cigarettes leaving his topcoat there. Upon being accused

of assaulting Mary Ann, he denied such assault and produced a gun and threatened them. Defendant's wife came in and defendant left with her. She testified that defendant later told her that he didn't have a chance of proving he did not do what he was accused of and he was going to Arkansas, and that she subsequently received letters from him there.

Defendant was arrested at the home of his mother in Chicago on March 19, 1952. The police officer who made the arrest testified that defendant denied the assault and denied that he had gone to Arkansas and stated that he had sent letters to a cousin in Pine Bluff to be mailed back to Chicago.

The defendant testified that he went to the apartment about 10:00 P.M. on the night of December 26, 1951, found the door unlocked, the light on and the children sleeping; that he took off his topcoat and sat down and, discovering he had no cigarettes, went to the drugstore about two blocks away; that he returned in about a half-hour and found several people in the apartment who accused him of the assault which he denied. He stated on cross-examination that he had gone to the apartment because Mary Ann's mother, his sister-in-law, had called him to assist her brother who was at her home and was unable to get home. Defendant further testified that he had not gone to Arkansas but had been living at the home of his mother and had been seeking work.

The defendant claims error in that he was denied a fair and impartial trial by unfair tactics of the prosecution that created prejudice against him by showing commission of a prior offense against the prosecutrix and he alleges that the State's evidence was insufficient to prove him guilty beyond a reasonable doubt. The defendant particularly cites as prejudicial a portion of the direct examination of the child against whom the alleged offense was committed. The assistant State's Attorney prosecuting the case asked

this witness, "Mary Ann, now had the defendant in this case ever taken indecent liberties with you before?" Over objection, the court permitted the question and the child's affirmative answer to stand upon the assistant State's Attorney's explanation that he wished to show the relationship of the parties by the prior offense. Two witnesses, Frank Jordan, who lived above the apartment where the offense allegedly occurred, and police officer Joseph Chapman, alluded during their testimony to the defendant's previous arrest and conviction on a similar charge committed against the same child.

In support of his contention that the questions asked of, and the answers given by, these witnesses were prejudicial, defendant cites *People* v. *Rogers,* 324 Ill. 224; *People* v. *Reed,* 287 Ill. 606; *People* v. *Herzberger,* 372 Ill. 251; *People* v. *Cordes,* 391 Ill. 47; *People* v. *Wilson,* 400 Ill. 603; and *People* v. *Kidd,* 410 Ill. 271. An examination of these cases discloses that none of them is in point. In the *Rogers case* the evidence complained of consisted of the testimony of twelve other girls as to separate and distinct similar offenses against them; in the *Reed case* the defendant was on trial for pandering and the State proved a former offense of stealing an automobile; in the *Herzberger case* the defendants were charged with taking indecent liberties with an eight-year-old girl and on cross-examination the defendants, a man and woman, were asked questions about acts of perversion between themselves at another time and place not in any way connected with the offense for which they were being tried; in the *Cordes case* the defendant was charged with assault to commit rape upon prosecutrix and it was held that proof of vulgar remarks and indecent exposure toward another woman a block away from the scene of the alleged crime was proof of a separate and distinct offense and inadmissible; in the *Wilson case* the defendant was charged with intent to do bodily harm for having put explosives

in his former wife's automobile and it was held that proof of domestic difficulties and collateral facts which occurred many years before during the parties' married life was inadmissible; and in the *Kidd case* we find no question at all regarding proof of another offense.

While it is the general rule that one cannot be convicted of an offense upon proof that he committed another separate and distinct offense in no way connected with the offense charged, there are well-established exceptions to this rule. Acts which may be distinct substantive offenses may be proved to show the relation of the parties, (*People* v. *Gray,* 251 Ill. 431,) intent or guilty knowledge, (*Lipsey* v. *People,* 227 Ill. 364,) and motive. (*People* v. *Zammuto,* 280 Ill. 225.) In cases of indecent liberties, separate offenses with the same child are held competent to show the relationship of the parties and as evidence of intent with which the act was done. (*People* v. *Peck,* 314 Ill. 237; *People* v. *Rogers,* 324 Ill. 224; *People* v. *Mason,* 301 Ill. 370; *People* v. *Anderson,* 375 Ill. 163, 167 A.L.R. at page 621 anno.) We think the evidence here complained of clearly falls within this exception and was admissible.

The defendant also alleges as prejudicial the testimony of Mrs. Rowe, the child's mother, that she examined the child following the alleged offense and observed signs of injury. The defendant's objection to this seems to be based on the fact that an examining physician testified that his findings were almost negative. Such contradiction of testimony makes that of neither witness inadmissible, clearly, but it affects only the weight to be given to the testimony by the court or jury.

The defendant finally urges in general terms that he was not proved guilty beyond a reasonable doubt. We have examined the record minutely and can assign no merit to this contention. The defendant was positively identified by the prosecutrix, his coat was found at the scene, his explanation of this circumstance is dubious, and

his conduct when accused by the adult witnesses and his subsequent flight are indicative of guilt rather than innocence. There is before us no error of sufficient import, in view of the record, to justify the reversal of a judgment which is manifestly in accord with the weight of the evidence. *People* v. *Haensel,* 293 Ill. 33; *Wilson* v. *People,* 94 Ill. 299.

In accordance with the foregoing determinations, the judgment of the criminal court of Cook County is hereby affirmed.

*Judgment affirmed.*