(No. 32662.—

The People of the State of Illinois, Defendant in Error, vs. Benjamin Williams, Plaintiff in Error.

*Opinion filed March 23, 1953.*

John L. Roach, of Chicago, for plaintiff in error.

Ivan A. Elliott, Attorney General, of Springfield, and John Gutknecht, State's Attorney, of Chicago, (John T. Gallagher, Rudolph L. Janega, and Arthur Manning, all of Chicago, of counsel,) for the People.

Mr. Justice Hershey delivered the opinion of the court:

Plaintiff in error, Benjamin Williams, hereinafter called defendant, was indicted in the criminal court of Cook County for the crime of taking indecent liberties with a

child under the age of fifteen years, to wit, thirteen years, and of contributing to the delinquency of a minor. He entered a plea of not guilty, waived trial by jury, and at the conclusion of the evidence was found guilty of the crime of taking indecent liberties with a child as charged in count I of the indictment. He was sentenced for a minimum of four years and a maximum of eight years.

It is shown by the evidence that the defendant, a man of thirty-four years of age, made his home with the complaining witness, her mother, sister, and brother. He was not, however, related to complainant's family. The prosecutrix was a female minor, thirteen years of age at the time of the alleged occurrence. She testified that on the evening of March 3, 1952, while her mother was out shopping, the defendant sent her brother and sister into a back bedroom to go to bed, and then himself retired to the middle bedroom. A short time later, she asserts, he called her into his room and asked her to rub his stomach. He then requested that she come to bed and lay next to him for a while. She complied with his request and he thereupon committed the abuses of which she made complaint. The next morning she told her mother what occurred, but her mother did not believe her. A week later her aunt observed her crying as she departed for school and called her into the house. At that time she related the story to her aunt.

Sharon Williams, the eleven-year-old sister of the prosecutrix, testified on direct examination that she did not recall the night of March 3 or the first week of March, 1952, and that she never heard defendant talk to her sister about two months previous. After some further questioning she stated she did hear a conversation between her sister and defendant at night, when defendant told her sister to rub his "tummy." Defendant denied that he ever sexually abused the complainant.

The defendant assigns as one of the reasons for a reversal of this cause that the evidence does not prove him

guilty beyond a reasonable doubt. In order to determine this, it is necessary to review the evidence as reflected in the record of the case.

The conviction of the defendant was for the crime of taking indecent liberties with a minor child. This court, in considering a case of like character, *People* v. *Watkins,* 405 Ill. 454, used the following language: "An indecent liberties case is similar in character to that of rape, because it is an accusation easily made, hard to be proved, and harder to be defended by the party accused, though ever so innocent. (*People* v. *Phipps,* 338 Ill. 373.) We have always safeguarded the interests of an accused where the testimony is uncorroborated, by requiring that it should be clear and convincing."

In the case of *People* v. *Crowe,* 390 Ill. 294, the court stated that when the conviction of the defendant rests or is based upon the testimony of a child of tender years, in order to sustain a judgment of guilt that evidence must be corroborated or be otherwise clear and convincing. In *People* v. *Pazell,* 399 Ill. 462, this court said that, "Where a conviction of taking indecent liberties with a child depends upon the testimony of the prosecuting witness, and the defendant denies the charge, there must be substantial corroboration of the prosecuting witness by some other evidence, fact or circumstance in the case. *People* v. *Martin,* 380 Ill. 328."

The prosecutrix in this case was one Carol Williams, a minor child thirteen years of age. While, in the course of the testimony, she could recall details of the evening prior to the alleged occurrence here, she could not tell how the defendant was clothed. She stated that he (the defendant) sometimes sleeps with his shirt on, but she could not remember whether he wore one that evening, although she claimed, at his request, she had rubbed his stomach. She later did say he wore shorts. She further stated that she did not tell her mother about the affair until the following

day when the defendant was not around, but then immediately said he might have been in the same room. When asked if she had any fear of the defendant she replied that she did not but was afraid he might harm her family. Nevertheless, she did wait until the next day to tell her mother, and a week later before she told anyone else. When she was asked whether it hurt when the defendant attempted to have sexual intercourse with her, she said it did not, but later said it did. This hardly seems the conduct one would expect from an outraged girl. Certainly, the story as told by the prosecutrix is not such a recital as is so clear and convincing that it alone, when denied by the defendant, will sustain the conviction of the defendant.

The only testimony in this record that corroborates or tends to corroborate the prosecutrix, Carol Williams, is that of her younger sister, Sharon Williams, also a girl of tender years, being eleven years old. Her testimony is very brief. It includes no evidence which purports to corroborate the testimony of Carol as to any of the surrounding details recited by her, or to relate any other circumstances which lend credence to the charge, except the absence of their mother on the night the alleged assault is said to have taken place. When inquiry was made of her as to whether or not she heard any conversation between the defendant and her sister, Carol, she first replied, "No." Later, however, when asked if she had heard a conversation between the defendant and her sister, Carol, about two months ago at night, she replied that she had. When asked what it was she heard, she replied that she had heard the defendant ask her sister to rub his "tummy." This one statement by this eleven-year-old girl is the only corroborating evidence in this entire record. Certainly, it cannot be said to be a substantial corroboration of the prosecutrix.

Here the defendant denies that he ever took indecent liberties with the prosecutrix, or that he ever sexually abused her. His conviction rests almost entirely upon the

testimony of the prosecutrix, a child of tender years. We have determined that her testimony is by no means clear and convincing, nor is it corroborated by substantial evidence. The only corroborative evidence presented was the brief and wholly unsatisfactory testimony of another, even younger, child. Such a record fails to meet the requirements of law necessary to sustain a conviction.

In addition to the foregoing, the record also sets forth the testimony of the mother of the prosecutrix, Bernice Williams, who in effect gives testimony that the prosecutrix was unfriendly to the accused, and at one time had stated that she would get even with him. The explanation of this is that the prosecutrix was afflicted with epilepsy and often had to be chastised and kept in the house for her own safety, and that this defendant, with her approval, had chastised the child and forced her to stay in the house. This court is not deeply impressed with testimony of this mother or her attitude toward her child. It may be prompted by her desire to retain her unlawful common-law relationship with the defendant, rather than by any desire on her part to protect her minor child. However, the testimony must be considered in our determination as to whether the judgment of the lower court should be sustained.

We are familiar, of course, with the rule that when a cause is tried before the court without a jury, this court should not substitute its judgment for that of the trial court when evidence is merely conflicting. (*People* v. *Martishuis,* 361 Ill. 178.) However, upon review of this record, we find that the evidence upon which this conviction is based is completely unsatisfactory. We are of the opinion, therefore, that the conviction of this defendant must be reversed. Accordingly, the judgment of the criminal court of Cook County is hereby reversed.

*Judgment reversed.*