(No. 34628.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* RENO WALKER, Plaintiff in Error.

*Opinion filed March 20, 1958.*

CHESTER THOMSON, of Bloomington, for plaintiff in error.

LATHAM CASTLE, Attorney General, of Springfield, and ALONZO WM. CLAY, State's Attorney, of Pontiac, (FRED

G. LEACH, and WILLIAM H. SOUTH, of counsel,) for the People.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

Defendant Reno Walker, age 47, was found guilty by a jury in the circuit court of Livingston County of the crime of taking indecent liberties with a male child eleven years of age. After overruling all post-verdict motions filed by defendant the court sentenced defendant to serve a term in the Illinois State Penitentiary of not less than one year nor more than three years.

To review the record defendant sued out a writ of error from this court and for a reversal of the judgment of conviction he contends (1) that the State failed to prove him guilty beyond all reasonable doubt; (2) that the testimony of the prosecuting witness was not clear and convincing and was not substantially corroborated by other evidence, facts or circumstances; (3) that the court erred in the admission of evidence offered by the State; and (4) that the court erred in the giving and refusing of instructions.

The boy involved was a substitute paper carrier. On October 13, 1956, at about 9:30 A.M. he stopped at defendant's home to make a collection for the paper. It was then that the alleged offense took place. Only the boy and defendant were in the house. Due to the revolting nature of the crime in question we omit a recitation here of the details. Three other boys, also paper carriers, accompanied the boy on the paper route and they were waiting for him outside the house. Thereafter all the boys completed their routes. Later the boy and his father and certain police officers went to the printing shop where defendant was working. There he was confronted by the boy who repeated the charge against defendant, whereupon he was arrested.

Upon the trial the boy testified in detail as to what had occurred and what the defendant had done to him. The defendant testified substantially to the same facts as that testified to by the boy, except he denied he was naked that morning, stating he was dressed in undershorts, and denied that he committed any indecent act. The issue was clear. To the jury the decision as to the guilt or innocence of defendant depended upon the credibility it would accord to the testimony of the boy and that of the defendant.

A careful search of the record discloses nothing which militates against the testimony of the prosecuting witness. No inconsistencies were developed upon his cross-examination. There was nothing inherently improbable in his testimony. The lad lived at home with his parents, four sisters and a brother. He was in fifth grade at school and made better than average marks. From the record it appears that he was a normal and average boy. No reason whatever appears in the record to indicate that his testimony is false, nor does the record show any motive for the boy to make this charge, if false, against defendant. In these circumstances it was the exclusive province of the jury to determine whether the boy's testimony or defendant's denial was credible. Having, by their verdict, concluded to believe the prosecuting witness and disbelieve the defendant, we are not at liberty to set the verdict of the jury aside unless we are able to say that there is, upon the whole record here, a reasonable and well founded doubt of the guilt of defendant. This we are unable to say. *People* v. *Halteman,* 10 Ill.2d 74; *People* v. *Ulrich,* 441 Ill. 316.

In cases, such as this, we have always safeguarded the interests of an accused where the testimony, especially of a child of tender years, is uncorroborated, by requiring that it should be clear and convincing, and we have not hesitated to reverse a conviction if that condition is unfulfilled. (*People* v. *Williams,* 414 Ill. 414.) In the case

at bar, however, after reading the testimony of the prosecuting witness we are unable to say that his testimony is not clear and convincing. We therefore conclude that the jury was fully warranted in finding the defendant guilty.

Not only was the testimony of the lad clear and convincing and therefore, in itself, sufficient to sustain the verdict of guilty, but his testimony was corroborated by other evidence, facts and circumstances. The defendant himself corroborated the boy's statement that the boy was in his house, that he came there to collect, that he paid him sixty cents, five cents more than was due and told him to keep the change. Two of the three boys (the third was out of the city when the trial was held) corroborated the boy's testimony that he went to defendant's home to collect, entered it and after three to five minutes emerged with his collection. Other corroborating facts and circumstances appear in the record, but we do not deem it necessary to set them forth in detail. However, the corroborating evidence, facts and circumstances, when and where required in order to sustain a conviction, need not be as to the actual taking of the indecent liberties. *People* v. *Kirilenko,* 1 Ill. 2d 90.

Defendant complains that certain evidence offered by the State was erroneously admitted. The boy's mother, over a general objection of defendant, was allowed to testify that around nine o'clock that evening she observed her son was crying in his bed. This was in response to a question put to her to describe the appearance and demeanor of the boy when she came home from a social visit that evening. Inasmuch as the question objected to did not call for what her son told her, nor was such testimony offered or admitted, we can perceive no error in the aforesaid ruling of the trial court. The only case cited by defendant to support this contention is *People* v. *Romano,* 306 Ill. 502, but in that case we held it was error in an indecent liberties case to admit in evidence details of a

subsequent complaint of the prosecuting witness. Here the witness testified as to what she observed and not to what her son told her.

Defendant also complains that the court erred in the giving of one instruction offered by the State and the refusal to give a certain instruction offered by defendant. We shall discuss these objections in that order. The given instruction is as follows:

"The indictment in this case is not to be considered as any evidence or presumption of guilt against the defendant. It is a mere formal charge necessary to place the defendant upon trial. The defendant under the law is presumed to be innocent of the charge in the indictment and this presumption remains throughout every stage of the trial with the defendant and during your consideration of your verdict and until you have been satisfied by all the evidence in the case beyond all reasonable doubt of the guilt of the defendant. This presumption of innocence is not intended to aid any one who is in fact guilty of crime to escape, but is a humane provision of the law intended, as far as human agencies can, to prevent an innocent person from being convicted. Throughout this case the burden of proving the guilt of the defendant beyond all reasonable doubt is on the State and the law does not require the defendant to prove his innocence.

"If, therefore, you are convinced from all the evidence in the case beyond all reasonable doubt that the defendant is guilty as charged in the indictment, it is your duty to find such defendant guilty. If, on the other hand, you are not convinced from the evidence beyond all reasonable doubt of the guilt of the defendant, it is your duty to find such defendant not guilty."

Defendant objects to the use of the word "until" in the first paragraph of the instruction instead of "unless" claiming that such use assumes that such a time will arrive. It is obvious that the word "until" as used in the instruc-

tion is synonymous with the word "unless." The instruction instructs the jury fairly as to the presumption of innocence, its duration up to the reaching of a verdict and as to all other rights guaranteed to the accused on trial. There is no merit to this objection nor to a number of other objections leveled against it. Defendant cites no authority to support his contention that this instruction is bad. On the contrary we have consistently held that an instruction substantially similar to the one now under attack is good. *People* v. *Rongetti,* 331 Ill. 581; *People* v. *Touhy,* 361 Ill. 332.

The following instruction offered by defendant was refused by the court: "The Jury are further instructed, that if the evidence leaves a reasonable doubt in the mind of the Jury whether the Defendant is guilty of the precise crime with which he is charged in the indictment, then the Jury should find the Defendant not guilty, although the evidence may show conduct of no less turpitude than the crime charged, that is not enough to authorize a conviction in this trial."

No authority is cited by defendant which holds that this is a good instruction. To us it seems that the giving of the instruction would have been more harmful to defendant than its refusal. The jury was otherwise fully instructed in a number of instructions in regard to the law of reasonable doubt and that it was limited in its deliberations to the charge made in the indictment. The court did not err in refusing to give this instruction. Furthermore, there was no evidence in the record showing "conduct of no less turpitude." If the defendant conceived that the jury could find him guilty of a lesser offense he should have offered an instruction thereon, together with a form of verdict. *People* v. *Mueller,* 2 Ill.2d 311.

The record in this case is substantially free from prejudicial error. Defendant appears to have had a fair trial. The evidence supports the verdict of the jury finding him

guilty as charged. For these reasons the judgment of the circuit court of Livingston County is affirmed.

*Judgment affirmed.*