(No. 34916.—■■■■■■■■■■)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* FRANCIS JOSEPH PARKER, Plaintiff in Error.

*Opinion filed January 23, 1959.*

HOUSE, J., DAILY, C.J., and KLINGBIEL, J., dissenting.

HAROLD S. ROSENFIELD, and GEORGE M. CRANE, both of Chicago, for plaintiff in error.

LATHAM CASTLE, Attorney General, of Springfield, and BENJAMIN S. ADAMOWSKI, State's Attorney, of Chicago, (FRED G. LEACH, WILLIAM H. SOUTH, FRANCIS X. RILEY, and JOHN T. GALLAGHER, of counsel,) for the People.

Mr. JUSTICE BRISTOW delivered the opinion of the court:

Plaintiff in error, Francis Joseph Parker, hereinafter referred to as defendant, brings this writ of error seeking reversal of his conviction by a jury in the criminal court of Cook County on an indictment returned therein charging him with a crime against a child, committed on the 8th day of August, 1956, in Cook County, and contributing to the delinquency of said child, Barbara Conoboy. He was sentenced to the penitentiary for a term of not less than two years and not more than ten years. The People's case rests on the uncorroborated testimony of the complaining witness, who was seven years of age at the time the crime was alleged to have been committed and nine at the time she testified.

It appears from the testimony that some time in late winter or early spring, at least prior to Lincoln's birthday, in the year 1956, in the morning after breakfast, Barbara did not go to school, but went to the defendant's apartment which was located in the neighborhood, knocked on the door and was admitted; she talked to the defendant in the living room, then she went into the kitchen and talked to him there, at which time he asked her if she wanted a sandwich; she went into the bedroom and he said something to her which she did not remember; that the defendant pulled down her pants and removed his own pants and committed acts, the unpleasant details of which will be omitted at this time, but suffice it to say are sufficient to establish the offenses as charged in the indictment. The complaining witness, when asked the question if anything was said to her by the de-

fendant, said she couldn't remember and then this question was asked: "Did he at any time tell you why you shouldn't tell your mother?" Over objection, she answered, "He told me that if I told my mother he would get his friends after me." The only testimony given by the mother and father of the prosecuting witness was that the child was born on October 29, 1948. A police officer testified that he first arrested the defendant at his home on August 9, 1956, and again placed him under arrest on August 15, 1956, and took him to the Rogers Park Police Station.

The defendant testified in his own behalf, as the only defense witness, that for 2½ years he lived with his wife at 1621 West Wallen Avenue, the same being across the alley from 6609 North Clark Street, the residence of the complaining witness; that he did not know the complaining witness prior to Lincoln's birthday; that she was never in his apartment; and that he did not molest her in any fashion. On cross-examination, by way of impeachment, the defendant was asked whether, in the presence of the little girl and an assistant State's Attorney when he was arrested in August, 1956, he did not admit that he had known the girl previously. The defendant's answers were evasive and unconvincing and Horace Lund, the assistant State's Attorney, on rebuttal, testified that on the occasion in question the defendant did state that he had known or seen the little girl playing in his neighborhood.

The defendant argues here that the proof in this case is insufficient to justify a conviction. The cases in Illinois have announced the principle of law that where a conviction for taking indecent liberties with a girl depends upon the testimony of the prosecuting witness, and the defendant denies the charge, there must be substantial corroboration of the prosecuting witness by some other evidence, fact or circumstance in the case. (*People* v. *Martin*, 380 Ill. 328; *People* v. *Williams*, 414 Ill. 414; *People* v. *Watkins*, 405 Ill. 454.) We have always safeguarded the interest of an

accused where the testimony is uncorroborated by requiring that it should be clear and convincing. (*People* v. *Phipps*, 338 Ill. 373.) When the conviction of a defendant rests or is based upon the testimony of a child of tender years, in order to sustain a judgment of guilt that evidence must be corroborated or be otherwise clear and convincing. *People* v. *Crowe*, 390 Ill. 294.

The prosecution argues that since the proof indicated that defendant's wife was away from home daily at work, and the girl having testified that the defendant was in the apartment alone, that such constitutes some corroboration. In addition to the lack of substantial corroboration there are strange factors in the little girl's story. She testified that while the two were on the bed in his bedroom, he was on top of her, his legs on the outside of hers and at the same time his private organ entered her private organ and at the same time his tongue was in her mouth. This cannot be an accurate recital of the story. If the complaining witness were abused in this fashion surely there were changes in her body caused by the trauma as well as pain and in the normal course of events would be brought to the attention of her parents. Apparently the girl's absence from school or the claimed assault upon her were not brought to the attention of her parents immediately. No doctor was consulted and no arrest was made for more than six months after the incident. In what manner the arrest was made the record does not reveal. The girl does not indicate that she had ever seen the defendant previously or explain what prompted her to skip school and seek admission to his apartment.

In the course of the trial the defendant's counsel interposed many objections most of which were inane and pointless. The court's rulings on them were uniformly correct and it might be added that he was commendably patient throughout. Only one of the claimed errors merits our attention. The prosecuting attorney indicated that he was

about to offer People's exhibit 1, which was an exemplified and certified copy of a record of a Pennsylvania court of indictments for violation of a vehicle code on which his plea of guilty was accepted in September, 1946, and he was sentenced to imprisonment in the penitentiary for a term of not less than one nor more than two years. Objection was made on the ground that there was no showing that the defendant was the same person as a Frank Parker named in the Pennsylvania indictment. The State, to meet this objection, suggested that a deputy sheriff would be called who would testify that the defendant had told him that he was the person named in that proceeding. Without reading the exhibit, defendant's counsel stipulated that such a witness would so testify, whereupon exhibit 1 was received in evidence for the purpose of affecting defendant's credibility. While the State's Attorney was reading this exhibit to the jury, defendant's counsel discovered for the first time that it contained several matters that were extremely prejudicial, such as "Sentence to commence upon expiration of sentence now being served in Federal penitentiary in Lewisburg, Pennsylvania." The exhibit also contained a record of conviction of other crimes such as receiving stolen property, altering and forging a certificate of title to a motor vehicle, and unlawfully procuring a certificate of title to a certain motor vehicle, knowing the same to be stolen. At this juncture motion was made that a juror be withdrawn and a mistrial be declared. The court observed that the exhibit was received into evidence on stipulation and that defendant's counsel's failure to read the document alone occasioned the error, and overruled the motion. Regardless of where the fault lies, the reading of the entire exhibit should not have happened. No jury after learning that defendant had tried out about every penitentiary in Pennsylvania before coming to Illinois would look with favor upon defendant's plea of innocence.

At the conclusion of the trial, defendant's counsel tendered to the trial court 52 written instructions to be read to the jury. The trial court quite properly said "Mr. Counsel, it has required less than two hours to adduce all of the evidence in this case, and I do not believe under the circumstances that I should be required to read and study 52 instructions, separate the proper and relevant instructions from those that are not, I am returning them all to you." Counsel very promptly reduced the number and no objection is raised here on the giving or refusing of any instruction.

With appropriate deference to the feeling of the trial court and jury that the defendant is guilty, we believe that, in view of the lack of corroboration, the improbabilities inherent in the little girl's story, and the error in revealing to the jury defendant's unenviable record of crime, several of which were not infamous under our statute, (Ill. Rev. Stat. 1957, chap. 38, par. 587,) the defendant is entitled to another trial.

*Reversed and remanded.*

Mr. Justice House, dissenting:

It seems to me that it is time to pause and make a reappraisal of the proof necessary to convict a defendant of a crime involving the taking of indecent liberties with a child of tender years. In scrutinizing the testimony of very young children in sex cases, we should take into consideration their relative innocence, their inexperience in worldly affairs, their probable lack of sex knowledge, the difficulty they experience in expressing themselves because of limited vocabularies, their impatience with (or lack of concept of) time, and the like.

Applying the foregoing to the testimony of the prosecutrix in this case, it is inconceivable to me that she made up a story "out of the whole cloth." Her testimony was given in a straightforward convincing manner, the identification of the defendant was positive, no motivation ap-

pears in the record for her to tell other than the truth, and the jury was justified in believing her. The inconsistencies in the child's story are no greater than could be expected from a child of her years and do not amount to improbabilities. She could even have been mistaken as to what constituted actual entrance or penetration and the defendant still could have been convicted since this is an indecent liberties, not a rape case. There was some corroboration of the prosecutrix, and in my opinion her testimony was sufficiently clear and convincing to sustain the conviction. Cf. *People* v. *Halteman,* 10 Ill.2d 74.

I grant that the majority opinion has some merit on the question of the admissibility of former convictions, but I believe that under the evidence the jury would have convicted the defendant even if the prior convictions had not been introduced into the record.

It is basic in our system of government that the judiciary protect human rights, and I adhere to that principle. It is our duty to see that every accused be given a fair trial, but we also owe a duty to the public to protect children from molestation.

Mr. CHIEF JUSTICE DAILY, and Mr. JUSTICE KLINGBIEL, also dissenting.