THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* HAROLD THORNTON, Defendant-Appellant.

(No. 70-113;

Second District—April 6, 1971.

Morton Zwick, of Defender Project, of Chicago, (E. Roger Horsky, of counsel,) for appellant.

William B. Petty, State's Attorney, of Mt. Carroll, (John D. Kightlinger, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE GUILD delivered the opinion of the court:

The defendant, Harold Thornton, having waived his right to a Grand Jury indictment and trial by jury was found guilty in a bench trial on a criminal complaint charging him with indecent liberties with a child, Terry Lynn Williams, 12-year-old granddaughter. He was sentenced to 5-10 years in the Illinois State Penitentiary.

The 52 year old defendant, Harold Thornton, lived in Aurora, Illinois, with his son Ronnie Thornton, and his son's family. The defendant paid the rent on his son's home. On Sunday, July 13, 1969, the defendant picked up his granddaughter, Terry Lynn Williams, in Dickeyville, Wisconsin, and drove to his home in Aurora, Illinois. She was to visit with them for a week as had her brother and sister the week before.

The prosecutrix, Terry Lynn Williams, states that somewhere near Savannna, Illinois, the defendant got out of his car and went to the bathroom. He returned to the car and allegedly unbuttoned her blouse, touched her breast, took down her pants, and "touched me down there." She further testified he then forced her to place her hand on his private parts and "told me not to tell nobody." Then they drove on, stopped to eat, and finally arrived in Aurora, Illinois, around 11:00 o'clock in the morning. Further, on Wednesday night in Aurora, her mother having come down from Dickeyville, Wisconsin, prosecutrix "told her what happened on the way up." This statement was elicited from the child by her mother, *viz.*: "I asked her what happened" and was improperly allowed to stand as evidence. (*People v. Jefferson* (1970), 109 Ill.App.2d 301, 248 N.E.2d 700; *People v. Smith* (1965), 55 Ill.App.2d 480, 204 N.E.2d 577; *People v. Bryant* (1970), 123 Ill.App.2d 35, 259 N.E.2d 638.) On Thursday morning the prosecutrix and her mother drove back to Dickeyville, Wisconsin, leaving at 3:00 A.M. and the prosecutrix

pointed out the place near Savanna, Illinois, where the alleged incident occurred.

The record further discloses the prosecutrix slept in the car after the alleged incident and "thought it was just a dream" at first but later testified "No, it wasn't a dream." As a matter of fact, it was not until the following Tuesday when her Grandfather wanted her to go "downstairs and he would show me some more stuff" that she told Uncle Ronnie "not to go to sleep." That was all she told him at that time. The Uncle's testimony as to the alleged conversation on Tuesday was stricken from the record.

■■ We therefore have a conviction and sentence of 5-10 years based upon a record showing only the testimony of the prosecutrix as to what happened and the improper testimony that four days later she told her mother, as against the denial of the grandfather. There is no corroboration in the record.

The Courts of this State have consistently held that a complaint of this nature must be corroborated in a substantial manner.

"Ordinarily, a reviewing court will not disturb a conviction for indecent liberties with a child, where the defendant denies the charge, where there is either some corroboration of the testimony of the prosecuting witness or that testimony is otherwise clear and convincing." (*People v. Falk* (1970), 121 Ill.App.2d 1, 257 N.E.2d 175).

The court further stated:

"Altho the credibility of witnesses and the weight to be given their testimony is primarily a question for the trial court, a reviewing court is especially charged with the duty on a charge of indecent liberties to reverse the conviction if the evidence as a whole does not create an abiding conviction that defendant is guilty of the crime charged. (*People v. Nunes* (1964), 30 Ill. 142, 195 N.E.2d 706).

We do not find the prosecuting witness' testimony to be so clear or his allegations so convincing as to find the defendant guilty beyond a reasonable doubt without corroboration, which we find to be lacking in this case."

See also *People v. Pazell* (1948), 399 Ill. 462, 78 N.E.2d 212.

In *People v. Kolden* (1962), 25 Ill.2d 327, 185 N.E.2d 170, the Court said:

"It is well settled in Illinois that where a conviction for taking indecent liberties with a child depends upon the testimony of the prosecuting witness, and the defendant denies the charge, there must be substantial corroboration of her testimony, or the testimony must be otherwise clear and convincing." *People v. Parker*, 15 Ill.2d 508, 155 N.E.2d 588; *People v. Pazell, supra, People v. Martin, infra.*

■■   We are not unmindful of the danger of resting of conviction upon the testimony of a child of tender years and the judgment will not be permitted to stand unless the testimony is corroborated or otherwise strong and convincing. (*People v. Crowe* (1945), 390 Ill. 294, 61 N.E.2d 348.) To sustain a conviction on the uncorroborated testimony of the prosecutrix, her testimony must be clear and convincing. *People v. Herzberger* (1939), 372 Ill. 251, 23 N.E.2d 37.

In *People v. Martin* (1942), 380 Ill. 328 an indecent liberties case, the Court said:

"The evidence does not create in our minds the abiding conviction of guilt of plaintiff in error which is necessary in order for us to sustain the conviction. [Citations.]"

In *People v. Williams* (1953), 414 Ill. 414, Ill. N.E.2d 343 the defendant was found guilty of taking indecent liberties with a child 13 years of age. The Court went on to say:

"An indecent liberties case is similar in character to that of rape, because it is an accusation easily made, hard to be proved, and harder to be defended by the party accused, though ever so innocent. (*People v. Phipps* 338 Ill. 373). We have always safeguarded the interests of the accused where the testimony is uncorroborated, by requiring that it should be clear and convincing. [Citations.]"

In the instant case, we therefore have the uncorroborated testimony of the 12 year old prosecutrix. According to the defendant's testimony, there was bad feeling with regard to Mrs. Betty Schultz (Schults), a daughter, with whom the prosecutrix visited in Aurora at the time of the alleged complaint, because the Grandfather had not properly supported his divorced wife and children.

■■   In view of the above, certainly the conviction here is not even based upon the slimmest of clear and convincing evidence. For the foregoing reasons the conviction is reversed.

Judgment reversed.

ABRAHAMSON and T. MORAN, JJ., concur.