THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
DONALD KELLY, Defendant-Appellant.

Third District   No. 77-386

Opinion filed February 28, 1978.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for appellant.

William Henderson, State's Attorney, of Macomb (James E. Hinterlong and Gerald R. Arnold, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE ALLOY delivered the opinion of the court:

Defendant Donald Kelly appeals from a conviction of the crime of indecent liberties with a child. The judgment was entered on the conviction in the Circuit Court of McDonough County by the trial court, following a bench trial, and defendant was sentenced to a term of from 5 to 15 years imprisonment. On appeal in this Court, defendant raises only one issue and contends that the State failed to prove defendant's guilt beyond a reasonable doubt.

The record discloses that on February 7, 1977, the McDonough County State's Attorney filed informations charging defendant Donald Kelly with

offenses of indecent liberties with a child, in violation of section 11—4(a)(2) of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 11—4(a)(2)) and contributing to the sexual delinquency of a minor in violation of section 11—5(a)(2) of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 11—5(a)(2)). The only testimony presented at the bench trial on behalf of the State was that of the 11-year-old complaining witness, John Wilson.

Prior to the introduction of the testimony by John Wilson, he was examined for the purpose of ascertaining his competence as a witness. Wilson stated that although he was 11 years old, he was only in the fourth grade in school. He was questioned regarding his favorite subject in school, the regularity of his church attendance, and the importance of Wilson telling the truth. Wilson admitted to having lied to his mother in the past, and stated that when his mother discovered such conduct she whipped him. Over the objection of defendant's counsel, the trial court found that the complaining witness was competent to testify.

The testimony of the complaining witness, Wilson, indicated that on his 11th birthday, February 4, 1977, his mother was caring for a Mr. Gillenwater, to whom Wilson referred as "grandpa." Wilson's mother, his brothers and sisters resided at the Gillenwater house at that time. It also appears that defendant resided at the Gillenwater house at the same time. John Wilson testified that at about 6 or 7 o'clock in the morning on February 4, 1977, he awoke to find defendant performing an indecent act upon him, Wilson (fellatio). At the time of this occurrence, the complainant's younger brother was sleeping in the bed with complainant. Wilson testified that he did not say anything to defendant while defendant was performing the indecent act, and that no one entered the room during the performance of the act. Wilson further testified that at no time prior or subsequent to the event in question did defendant ever attempt a similar act.

While Wilson indicated at one point that he had known defendant for a long time, he stated, during cross-examination, that the first time he had seen defendant around the Gillenwater residence was a couple of weeks prior to the commission of the indecent act. At one stage of the testimony, complainant Wilson stated that he did not talk to any policeman regarding his (complainant's) telling defendant to get away from him during the incident, and later complainant indicated that he had informed a police officer of such a statement. The complainant testified that his brother slept on the bed next to the wall, and that complainant slept on the bed with his face toward the wall. Complainant testified at trial that the incident occurred on February 4, 1977, but acknowledged that during the earlier accounts given of the events he had stated that the dates were February 2, 1977, and Thursday, February 5, 1977 (which date was

actually a Saturday). During cross-examination, the complainant first agreed with defense counsel that he had spoken of the incident only once, but subsequently confirmed that he had spoken of the incident on several other occasions.

After the trial court had heard the evidence, the trial court found defendant guilty of indecent liberties with a child. After submission of a presentence report, a sentencing hearing was held and the trial court sentenced defendant thereafter to a term of not less than 5 nor more than 15 years imprisonment in the penitentiary.

■■ Defendant argues, on appeal, that he was not proven guilty beyond a reasonable doubt for the reason that complainant's testimony was uncorroborated and was not of a clear and convincing nature. The Illinois Supreme Court has stated the rule in *People v. Nunes* (1964), 30 Ill. 2d 143, 146, 195 N.E.2d 706, 707:

> "It is axiomatic that a charge of indecent liberties is an accusation easily made, hard to be proved, and harder to be defended by the party accused. [Citation.] In such cases reviewing courts are especially charged with the duty of carefully examining the evidence, and while due weight must be given to the judgment of the jury [or the trial court as finder of fact] as to the credibility of the witnesses, it is our duty to reverse the judgment if the evidence is not sufficient to remove all reasonable doubt of the defendant's guilt and create an abiding conviction that he is guilty of the crime charged."

As further stated by the Illinois Appellate Court in *People v. Thornton* (2d Dist. 1971), 132 Ill. App. 2d 126, 129, 268 N.E.2d 887, 889:

> "We are not unmindful of the danger of resting of conviction upon the testimony of a child of tender years and the judgment will not be permitted to stand unless the testimony is corroborated or otherwise strong and convincing. [Citation.] To sustain a conviction on the uncorroborated testimony of the prosecutrix, her testimony must be clear and convincing. [Citation.]"

■■ Since complainant Wilson was the only witness presented by the State in the instant case, it is clear that defendant's conviction should be sustained only if complainant's testimony was clear and convincing for the reason that there was no specific corroboration of such testimony. We note that the trial court stated that it had found the complainant's testimony clear and convincing, both as regards the commission of the act itself and as regards the identification of defendant. Defendant maintains that the testimony of complainant exhibited several inconsistencies and was, therefore, not clear and convincing. He urges an inconsistency in the complainant's testifying both that he had known defendant for a long time, and that the first time he had seen defendant around the Gillenwater

house in a while was a couple of Saturdays prior to the incident. We find no inconsistency in these statements. Defendant further complains of discrepancies in complainant's description of his position in bed at the time of the incident. Complainant testified that his brother was asleep next to the wall on the bed, and further that complainant was asleep with his head toward the wall. We also find no inconsistency in these statements. Defendant also maintains that complainant testified that he was both asleep and awake during the incident. Since complainant also testified that he awoke to find defendant performing the indecent act, we are unable to find an inconsistency in these statements.

Defendant also urges that the complainant was unable to identify the date of the indecent act, and that this inability renders his testimony not clear and convincing. Complainant testified at trial, that the incident occurred on February 4, 1977, but in other statements as to the event, complainant did state two other dates (February 2, 1977 and February 5, 1977) as to the date of the incident. We note that the testimony shows that defendant was around the Gillenwater residence on all three dates given by complainant. At the trial, complainant was able to correctly identify the month, but not the day of the trial itself. Since all of the dates given by complainant were within a span of four days, and where the information was filed against defendant within five days of the earliest date given by complainant as the date of the occurrence, we conclude that complainant's inability to identify the date of the incident more specifically does not render his testimony unclear or unconvincing.

Defendant has argued other alleged inconsistencies, which we have examined and considered. These additional matters, however, relate not to the actual crime itself, but rather to collateral events. Even if we were to accept defendant's view that the inconsistencies exist as to the collateral matters, we note (as recognized in *People v. Partee* (1st Dist. 1974), 17 Ill. App. 3d 166, 175, 308 N.E.2d 18, 24-25), with respect to recollections specifically by a child:

> "the difficulties—the traumatic episode which the child's recollection must reconstruct coupled with the lapse of time between the occurrence, the preliminary hearing, and the trial—which inhere in cases of this nature. When the inconsistencies relate to collateral matters, this court will not substitute its judgment for that of the trial court's where complainant's testimony is clear and convincing as to the essential elements of the crime."

For the reasons stated, therefore, the judgment of the Circuit Court of McDonough County is affirmed.

Affirmed.

BARRY, P. J., and SCOTT, J., concur.