THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JAMES O. RICHARDS, Defendant-Appellant.

Fourth District   No. 14716

Opinion filed September 29, 1978.

GREEN, P. J., dissenting.

Richard J. Wilson and Jeffrey D. Foust, both of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Fahey, State's Attorney, of Danville (Robert C. Perry and Gary J. Anderson, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

Following a jury trial, the defendant, James O. Richards, was convicted of indecent liberties with a child in violation of section 11—4 of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 11—4). He was subsequently sentenced to a term of 4 to 20 years' imprisonment.

On appeal, the defendant argues that the State's jury instruction which made reference to prior sexual acts of the defendant was improper and denied him a fair trial. We agree and reverse and remand for a new trial.

At trial, the complaining witness noted, during direct examination, that other instances of indecent liberties had occurred prior to the one charged in the instant case. After this testimony had been elicited, the defendant's counsel objected to the reference to these prior incidents. The trial judge overruled the objection noting that this testimony was subject to cross-examination.

At the instruction conference, the defendant's counsel objected to the State's Instruction No. 10 (Illinois Pattern Jury Instructions, Criminal, No. 3.14) concerning the prior sexual acts of the defendant with the complaining witness. After a brief discussion of the instruction, the trial court stated that it would be given over the defendant's objections. That instruction as given was:

"Evidence has been received that the defendant has been involved in crimes other than that charged in the information. This evidence has been received solely on the issue of the defendant's design. This evidence is to be considered by you only for the limited purpose for which it was received."

During closing argument, the Assistant State's Attorney argued that the defendant did not deny that the alleged deviate sexual act was not the first time with the complaining witness. The defense counsel immediately objected and that objection was sustained.

The post-trial motion preserved the issue for review. The trial judge denied the motion for a new trial and noted that the prior conduct was not admitted as evidence of prior crimes, but rather it was admitted for the limited purpose of showing the relationship and familiarity of the parties as discussed in *People v. Wendt* (1968), 104 Ill. App. 2d 192, 244 N.E.2d 384.

■■ As the trial court correctly noted, the admission of evidence of prior conduct between the parties is proper for the limited purpose explained in *Wendt*. The error in this case, however, lies in the jury instruction that was given regarding this prior conduct. That instruction should have stated that the evidence of the prior conduct was limited to establish or indicate the relationship and familiarity between the parties rather than to establish design. Moreover, the use of the term "crimes" in the instruction was most certainly error since the defendant had not been charged or convicted of any crime.

The function of jury instructions is to convey to the jury the correct principles of law applicable to the evidence submitted, so that the jury may, by the application of proper legal principles, arrive at a correct conclusion according to the law and the evidence. (*People v. Gambony* (1948), 402 Ill. 74, 83 N.E.2d 321, *cert. denied* (1949), 337 U.S. 910, 93 L. Ed. 1722, 69 S. Ct. 1945.) Furthermore, it is reversible error to inject into the case, by way of instruction, issues which are not properly before the jury. *People v. McCauley* (1972), 2 Ill. App. 3d 734, 277 N.E.2d 541.

■ In the instant case, the only issue before the jury regarding defendant's prior conduct was that concerning his relationship and familiarity with the complaining witness and not the issue of the defendant's design. It is obvious that the evidence of prior conduct and the subject jury instruction are not in accord. As a result, the jury was instructed on a theory not supported by the evidence.

In addition to the defect in the jury instruction, the evidence presented at the trial surrounding the alleged crime was conflicting. The complaining witness testified that he had made several statements prior to trial to his mother, his father, and to defense counsel in which he had stated that the defendant did not commit the crime, and that he had on other occasions told the State's Attorney that the defendant did commit

the crime. The witness also testified that he was threatened by the Assistant State's Attorney that he would be put in a juvenile home and his mother would go to jail if he did not testify that something happened between him and the defendant.

The complaining witness' mother also admitted making two pretrial statements that were contradictory. In one statement she stated to defense counsel that she felt nothing had happened between the defendant and her son. In the other statement to defense counsel she indicated that she just assumed something had happened.

■■ On the basis of this record, it is apparent that the error in the jury instruction was not harmless since the other proof did not overwhelmingly establish defendant's guilt beyond a reasonable doubt. The reference to defendant's prior conduct as crimes as well as the failure to properly connect up that evidence with a correct jury instruction was undoubtedly prejudicial. Moreover, since the evidence of defendant's guilt was close, it cannot be said that the jury's verdict would have been the same had the proper instruction been given. *People v. Weathers* (1974), 23 Ill. App. 3d 907, 320 N.E.2d 442, *rev'd on other grounds* (1975), 62 Ill. 2d 114, 338 N.E.2d 880.

Accordingly, the defendant's conviction must be reversed and this cause remanded for a new trial.

Reversed and remanded for a new trial.

REARDON, J., concurs.

Mr. PRESIDING JUSTICE GREEN, dissenting:
I dissent.

The principal issue in this case is whether the trial court erred in using the word "design" in Illinois Pattern Instruction, Criminal, No. 3.14, to describe the limited purpose for which the evidence of the defendant's alleged prior sexual offenses with the victim might be considered. That word has been given the following definition when applied to evidence:

> "Purpose or intention, combined with plan, or implying a plan in the mind. Burrill, Circ. Ev. 331; State v. Grant, 86 Iowa 216, 53 N.W. 120." Black's Law Dictionary 533 (rev. 4th ed. 1968.)

Webster's New World Dictionary (2d college ed.) gives as a secondary definition of the word "design" when used as a noun: "purpose; intention; aim."

Generally when a defendant is charged with a sexual offense, his prior sexual offenses committed against the same victim are admissible for the limited purposes of showing not only the familiarity and relationship between the parties (*Wendt*) but also the defendant's intent and guilty

knowledge. (*People v. Kerney* (1952), 413 Ill. 404, 108 N.E.2d 779.) Here, the question of whether the defendant committed the conduct charged with the requisite intent or guilty knowledge was inherently an issue in the case. Both in legal definition and in common parlance the word "design" is sufficiently synonymous with the words "intent" or "intention" that it is unlikely that the jury was confused. Only a general objection was made to the instruction. Had the use of the word "design" been specifically objected to, the court should have substituted the word "intent" or "knowledge." In the absence of such an objection, the use of the word was not error.

The majority also finds error in the use of the word "crimes" in Illinois Pattern Instruction, Criminal, No. 3.14, when evidence is introduced of crimes for which the defendant has not been convicted. Illinois Pattern Instructions Committee cites cases in support of the instruction in which evidence of crimes for which the defendant had not been convicted was presented (see IPI Criminal No. 3.14, Committee Note). The most frequently quoted modern text on evidence speaks of evidence of other crimes by the accused being admissible for limited purposes without reference to a requirement that a conviction must have been obtained except when the evidence is used for impeachment. (McCormick, Evidence §190, at 447 *et seq.* (2d ed. 1972).) For the instruction to refer to evidence that the defendant has been involved in crimes does not infer that he has been convicted of those crimes. I see no error in that portion of the instruction.

Although the evidence was confused and conflicting, I would affirm.