No. 3--02--1010

_________________________________________________________________

    IN THE

                   APPELLATE COURT OF ILLINOIS

                         THIRD DISTRICT

                           A.D., 2004

THE PEOPLE OF THE STATE         )  Appeal from the Circuit Court

OF ILLINOIS,                    )  of the 21st Judicial Circuit,

       )  Iroquois County, Illinois,

Plaintiff-Appellee,        )

                                )

v.                         )  No. 01--DT--34

  )

CAREY LEE HALL,                 )  Honorable David A. Youck,

  )  Judge Presiding.

Defendant-Appellant.       )  

________________________________________________________________

JUSTICE SCHMIDT delivered the opinion of the court:

________________________________________________________________

Following a jury trial in the circuit court of Iroquois County, defendant Carey Lee Hall was convicted of driving under the influence of alcohol (DUI).  Defendant filed a motion for a new trial alleging that the trial court erred in giving Illinois Pattern Jury Instruction, Criminal, No. 20.30B (4th ed. 2001) (hereinafter IPI Criminal 4th
 No. 20.30B) to the jury.  After the trial court denied defendant's motion for a new trial, it sentenced defendant to one year of conditional discharge, seven days in jail and ordered him to pay a fine of $250.  Defendant then filed a timely notice of appeal.  The sole issue on appeal is whether the trial court erred in giving IPI Criminal 4th
 
No. 20.30B to the jury.  

BACKGROUND

On February 2, 2002, at approximately 4:30 a.m., an Iroquois County deputy sheriff found the defendant asleep in his vehicle in the middle of an intersection.  The deputy knocked on the window and shined a flashlight into the defendant's face.  The defendant did not respond for three to four minutes.  Then, he looked up at the deputy and the deputy asked defendant to roll down his window.  Instead, defendant drove away.  Defendant did not stop his vehicle until after the deputy followed him with his emergency lights on.  When the defendant stepped out of the car, he lost his balance and grabbed the door to catch himself.  The deputy thought the defendant was disoriented, confused and smelled of alcohol.  The deputy believed that the defendant was under the influence of alcohol.  Defendant refused to take a Breathalyzer test.  

Defendant testified that he had not consumed any alcoholic beverages that evening and that he could not drink because of his medical conditions.  The defendant is a manic-depressive and has Crohn's disease.  He testified that he takes "20 pills a day" for these conditions.  Defendant also testified that he refused to take the Breathalyzer test because he was concerned there would be a false reading because of the medications he was taking, not because he was concerned about alcohol being in his system.

During the trial, the People tendered IPI Criminal 4th No. 23.30B, which was given to the jury over defendant's objection.  The instruction reads as follows:  

     "The fact that a person was legally entitled 

to use any combination of drugs and alcohol is not

a defense to a charge of driving under the 

influence of alcohol."  IPI Criminal 4th No. 

23.30B
.

ANALYSIS

The standard of review in determining whether a trial court's submission of an instruction is erroneous is an abuse of discretion.  
People v. Garcia
, 188 Ill. 2d 265, 283, 721 N.E.2d 574, 584 (1999).  The purpose of jury instructions is to convey to the jurors the correct principles of law applicable to the facts so that they can arrive at a correct conclusion according to the law and the evidence.  
People v. Williams
, 181 Ill. 2d 297, 318, 692 N.E.2d 1109, 1121 (1998).  

Defendant claims that it was error to give IPI Criminal 4th No. 23.30B because it instructs the jury as to a crime for which the defendant was not charged.  Defendant was charged with driving under the influence of alcohol in violation of section 11-501(a)(2) of the Illinois Vehicle Code (625 ILCS 5/11--501(a)(2) (West 2000)), which provides: 

     "A person shall not drive or be in actual 

physical control of any vehicle within this 

state while 

***

(2) under the influence of alcohol."  

625 ILCS 5/11--501(a)(2) (West 2000).

Defendant claims IPI Criminal 4th No. 23.30B should be given only when a person is charged with a violation of section 11/501(a)(5) (625 ILCS 5/11--501(a)(5) (West 2000)), which provides: 

    "A person shall not drive or be in actual 

physical control of any vehicle within this 

state while 

***

(5) under the combined influence of alcohol,

other drug or drugs, or intoxicating compound

or compounds to a degree that renders the

person incapable of safely driving." 625 

ILCS 5/11--501(a)(5) (West 2000).  

IPI Criminal 4th 
No. 23.30B is an instruction entitled "Prescription Not a Defense."  It instructs the jury that the use of prescription medicines or the prescribed use of alcohol is not a defense to a charge of DUI.  The instruction is almost identical to section 11--501(b), which provides: 

     "The fact that any person charged with

violating this Section is or has been legally 

entitled to use alcohol, other drug or drugs, 

or intoxicating compound or compounds, or any combination thereof, shall not constitute a 

defense against any charge of violating this 

Section."  625 ILCS 5/11--501(b) (West 2000). 

This instruction tells the jury that defendant's use of prescription medications is not a defense to this DUI charge.  

Defendant claims that he did not raise the defense that he should be acquitted because he was taking prescription medication.  He claims that his defense was solely that he had no alcohol in his system at the time of his arrest.  However, it was the defendant who brought up the fact that he was taking 20 pills a day for his medical conditions and that this was the reason he refused to take the Breathalyzer test.  There was no medical or expert testimony to corroborate whether the medication defendant was taking would lead to a false positive on a Breathalyzer test, or that the effects of the medication could mimic alcohol intoxication.  
Taking prescription medication is not a defense to a DUI charge.    

As Justice Holdridge points out in his special concurrence, the jury was properly instructed on all the elements the State had to prove to support a guilty verdict.  In light of the evidence put on by the defendant, IPI Criminal 4th No. 23.30B simply tells the jury that if the defendant was under the influence of alcohol at the time of his arrest, all of the evidence about the prescription drugs is irrelevant.  

IPI Criminal 4th No. 23.30B 
is a correct statement of the law  and 
is applicable to the facts in this case.  The trial court did not abuse its discretion.

CONCLUSION

The circuit court of Iroquois County is hereby affirmed.  The conviction of the defendant is hereby affirmed.

Affirmed. 

HOLDRIDGE, P.J., specially concurs.

LYTTON, J., dissents.

People v. Hall
, 3--02--1010

PRESIDING JUSTICE HOLDRIDGE, specially concurring:

For the reasons articulated in Justice Lytton‛s dissent, I disagree with Justice Schmidt‛s statement that IPI 23.30B ‟is applicable to the facts in this case.‟  (Slip op. at 5).  Nevertheless, I do not believe reversible error occurred.  The applicable test is whether the instructions, considered as a whole and read as a series, are sufficiently clear to avoid misleading the jury.  
Hartness v. Ruzich
, 155 Ill. App. 3d 878 (1987); 
Wood v. Mobil Chemical Co.
, 50 Ill. App. 3d 465 (1977).  A deficiency in one instruction may be cured by the clarity of others.  See 
Hartness
, 155 Ill. App. 3d 878; 
Wood
, 50 Ill. App. 3d 465.  The record shows that before giving IPI 23.30B, the judge gave a series of four instructions specifically outlining the elements of the charged offense (driving under the influence of alcohol).  The instructions clearly and unambiguously stated the requisite elements for a guilty verdict.  Considering the instructions as a whole, I simply do not believe that IPI 23.30B misled the jury.

To be clear, I disagree that "IPI 23.30B simply tells the jury that if the defendant was under the influence of alcohol at the time of his arrest, all of the evidence about the prescription drugs is irrelevant."  (Slip op. at 5).  The instructions on the elements of the charged offense, not IPI 23.30B, sent that message to the jury.

JUSTICE LYTTON dissenting:

_________________________________________________________________

I dissent from the majority's conclusion that Illinois Pattern Jury Instruction number 23.30B is applicable to the facts of this case.  Additionally, the instruction was given in a manner that confuses the issues.

The trial court cannot instruct the jury concerning issues not supported by the evidence. 
People v. Richards
, 64 Ill. App. 3d 472, 474 (1978).  I.P.I. 23.30B instructs the jury that a defendant's legal entitlement to use drugs or alcohol is no defense to a charge of driving under the influence of those drugs or alcohol.  Hall does not make this argument.  Hall was charged with driving under the influence of alcohol and argues that if he was impaired, it was due to medication, not alcohol.  If the jury believed Hall, they could have concluded that the State failed to prove beyond a reasonable doubt an essential element of the offense charged, i.e. that Hall was under the influence of alcohol.  Hall may have been under the influence of drugs, but he was not charged with driving under the influence of drugs.  Whether Hall was legally entitled to use the drugs is irrelevant, and it was reversible error to instruct the jury otherwise. See 
Richards
, 64 Ill. App. 3d at 474.

Furthermore, the instruction, as it was given, was misleading and could have confused the jury.  Jury instructions must not be misleading or confusing and should fully and fairly inform the jury of the applicable law. 
People v. Quick
, 236 Ill. App. 3d 446, 454 (1992).  I.P.I. Instruction No. 23.30B contains alternative language that can be used to apply the instruction to five different subsections of 625 ILCS 5/11-501(a) (West 2002).  The complete instruction, with its alternative language reads:

"The fact that a person was legally entitled to use [(drugs) (alcohol) (any combination of drugs and alcohol)] is not a defense to a charge of [(driving under the influence of drugs) (driving under the influence of alcohol) (driving under the combined influence of alcohol and drugs) (driving with an alcohol concentration of 0.08 or more)]." Illinois Pattern Jury Instructions, Criminal, No. 23.30B (4th ed. 2000).

For the instruction to make sense, the defense raised must match the offense charged.  For example, if a defendant charged with driving under the influence of alcohol raises the defense that he is legally entitled to consume alcohol it would be appropriate to instruct the jury that the defendant's legal entitlement to consume alcohol is no defense to driving under the influence of alcohol.  Similarly, if a defendant is charged with driving under the influence of drugs, it is no defense that he was legally entitled to use those drugs.  It was incorrect to instruct the jury that Hall's legal entitlement to use drugs was no defense to the charge of driving under the influence of alcohol.  This is not because the defense is valid, but rather because it confuses the issues. See 
Quick
, 236 Ill. App. 3d at 454-55.  Hall introduced evidence that he was using prescription drugs to refute the State's argument that he was under the influence of alcohol, not to suggest that because the drugs were prescribed he could not be convicted of driving under the influence of alcohol.  The jury instruction, as given, did not fully and fairly inform the jury of the law applicable to Hall's defense and confused the issues for the jury.

Because I disagree with the majority's conclusion that I.P.I. 23.30B was applicable to the facts of this case, and because the manner in which it was given confused the issues, I would reverse Hall's conviction and remand for a new trial.